IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



**FILED**

OCT 1 6 2013

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

CITY OF CHICAGO,                    )
a municipal corporation,           )
                                   )
            Plaintiff,              )
                                   )
        v.                          )
                                   )       1:13-cv-07431
Bryan Armstrong, et al.,           )       Judge Charles P. Kocoras
                                   )       Magistrate Judge Mary M. Rowland
            Defendants.            :

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1331,1391(a)(2),1391(c)(1)(2),1391(b)(3),1441(c)(2),1446(1),1446(b),1446(2)(a), 1446(c)(1),1446(c)(2),1446(c)(3)(A),1446(c)(B),1332(a), 1441(B)(2),1446(c)(2)(A)

Now comes the defendant Bryan and Darice Armstrong (husband and wife) and in want
of counsel and move this Honorable Court in notice of removal. On September 17, 2013
Federal Judge Sharon Johnson Coleman, remanded a previous case of notice of removal
(13cv05727) for lack of subject matter jurisdiction under the old cited rule of 28 U.S.C.
1441(a). The defendant believe that they have met their burden when it comes to
removal under the newly enacted Federal Court Jurisdiction and Venue Clarification,
known as the (ACT) enacted in January 2011. In support of this motion the defendant
states as follows:

### Facts

A. The plaintiff (the City of Chicago) filed a complaint against the
   defendant (Bryan Armstrong) in April 2, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CITY OF CHICAGO,
a municipal corporation,

          Plaintiff,

          -v.-

Bryan Armstrong, et al.,

          Defendants.

)
)
)
)
)
)
)
)
)
)

1:13-cv-06693
Judge Charles P. Kocoras
Magistrate Judge Mary M. Row

**RECEIVED**

SEP 18 2013

THOMAS G. BRUTON
CLERK, U S DISTRICT COUR

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C.
1331,1391(a)(2),1391(c)(1)(2),1391(b)(3),1441(c)(2),1446(1),1446(b),1446(2)(a),
1446(c(1),1446(c)(2),1446(c)(3)(A),1446(c)(B),1332(a), 1441(B)(2),1446(c)(2)(A)

Now comes the defendant Bryan and Darice Armstrong (husband and wife) and in want
of counsel and move this Honorable Court in notice of removal. On September 17, 2013
Federal Judge Sharon Johnson Coleman, remanded a previous case of notice of removal
(13cv05727) for lack of subject matter jurisdiction under the old cited rule of 28 U.S.C.
1441(a).   The defendant believe that they have met their burden when it comes to
removal under the newly enacted Federal Court Jurisdiction and Venue Clarification,
known as the (ACT) enacted in January 2011.  In support of this motion the defendant
states as follows:

## Facts

A. The plaintiff (the City of Chicago) filed a complaint against the
    defendant (Bryan Armstrong) in April 2, 2012.

B. In July of 2012, the defendant was served a summons by a Chicago police officer, Eddie Jones, from the city's law department.

C. My wife( Darice Armstrong) who is a named party to this suit, was not served a summons or complaint by the plaintiff.

D. The plaintiff petitioned the court to appoint a special and limited receiver.

E. The plaintiff filed a motion and it was granted July 30, 2013, to have the subject property vacated and boarded up with the ultimate purpose of securing a judicial deed to the property.

# ARGUMENTS

1. The plaintiff brought this action under the guise of enforcing the municipal ordinances of the City of Chicago.

2. The plaintiff structured the complaint in a fashion as to thwart and avoid federal scrutiny.

3. The plaintiff brought this action with the ultimate goal of dispossessing the defendant out of the subject property and petitioning state court for a judicial deed.

4. Chicago Police Officer Eddie Jones of the city's law department was not authorized under state law to serve process.

5. The service upon the defendant violates the defendant civil rights of due process.

6. The plaintiff acted in bad faith as to deem this action anything but a civil action.

7. By taking this action in such a way that the plaintiff did brings into play the amount in controversy.

8. The plaintiff enjoined the defendant as to prevent later joined defendants from removal from state court.

## Relief

A. Find that the plaintiff acted in bad faith 1446 (c) (1).

B. Find that the plaintiff fashioned the complaint to avoid federal scrutiny.

C. Find that the plaintiff violated rule 28 U.S.C. 1441 (b)(2).

D. Find that the defendant has met his burden when it comes to amount in controversy pursuant to rule 1332 (a).

E. Find that this court has jurisdiction over the amount in controversy pursuant to rule 1446 (c) (3) (A).

F. Find that the thirty-day rules governing the earlier served defendant does not apply here.

G. Find that the one-year limit in diversity does not apply here.

H. Find that the defendant has met his burden by a preponderance to move forward with this complaint.

## FEDERAL LAW

The defendant contends that the plaintiff violated the defendant's civil rights as protected by the Constitution and Laws of the United States under 42 U.S.C. 1983,1985, and 1986, 18 U.S.C. 1621. The court has jurisdiction under 28 U.S.C.1343 and 1367.

WHEREFORE, Defendant prays that this Honorable Court grants his petition for relief of compensatory and punitive damages and whatever else this Honorable Court deems fair and equitable pursuant to 42 U.S.C. 1988.

Sincerely,

Bryan Armstrong

Darice Armstrong

3216 W. Fulton
Chicago IL 60624
(312) 388-9192

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 5.1.1
### Eastern Division

City of Chicago

                                Plaintiff,

v.

                                              Case No.: 1:13−cv−06693

Bryan Armstrong, et al.
                                              Honorable Charles P. Kocoras

                                    Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, September 23, 2013:

      MINUTE entry before Honorable Charles P. Kocoras: Status hearing set for 10/29/2013 at 09:30 AM. At the initial hearing, parties to report on the following: 1. Possibility of settlement. 2. If no possibility of settlement exists, the nature and length of discovery necessary to prepare the case for resolution. Lead counsel for each party is required to attend the initial hearing. Failure to appear at any scheduled court hearing may result in the dismissal of claims for want of prosecution. P ursuant to Local Rule 5.3(a)(1), service of motions and notice of motions must be accomplished no later than 4:00 p.m. of the third business day preceding the date of presentment. This includes delivering a hard copy of the motion and notice of motio n to the Court's chambers or Courtroom Deputy no later than 4:00 p.m. the day of filing. Failure to comply may result in the striking of the matter from the Court's motion call. The Court requires hard copies of all documents be submitted t o chambers or the Courtroom Deputy the same day of filing. Failure to comply may result in the striking of the document from the record. The Court directs counsel's attention to its Motion Schedule and Case Management Procedures located at www.i lnd.uscourts.gov. Plaintiff is directed to advise all other parties of the Court's action herein. Mailed notice(yp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If an order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

**FILED-50**

13 OCT -1 PM 3: 52

CLERK OF THE CIRCUIT COURT
CIVIL DIVISION

_____CLERK
DOROTHY BROWN

| | |
|---|---|
| CITY OF CHICAGO,<br>a municipal corporation, | ) |
| | ) |
| Plaintiff, | )    Case No.: 12 MI 401040 |
| | ) |
| v. | ) |
| | ) |
| BRYAN ARMSTRONG, *et al.*, | )    Re: 3216 W. Fulton Blvd. |
| | ) |
| Defendant(s). | )    Room: 1105, Daley Center |
| | ) |

## NOTICE OF MOTION TO REINSTATE

To:   See attached service list

**PLEASE TAKE NOTICE** that on **October 8, 2013 at 9:30 a.m.**, I will appear before the honorable judge presiding in courtroom 1105, Daley Center, 50 W. Washington St., Chicago, Illinois, and present the attached Motion.

Respectfully submitted,

Michael Knight
Assistant Corporation Counsel

Atty #90909
City of Chicago
Department of Law
30 N. LaSalle Street, Suite 700
Chicago, Illinois
(312) 744-4033

## CERTIFICATE OF SERVICE

I, ___Michael Knight___, an attorney, hereby certify, under penalties as provided by law pursuant to 735 ILCS 5/1-109, that I have served a copy of the foregoing instrument by:

__X__ placing in the U.S. mail at 30 N. LaSalle St., Chicago, Illinois, postage prepaid, before 5:00 p.m. on October 01, 2013, a copy of any attached documents to Defendant(s), or Defendant(s)' attorney(s), at the above address(es); and/or

_____ faxing a copy of any attached documents on _____ to Defendant(s), or Defendant(s) attorney(s) at the above facsimile number; and/or

_____ hand-delivery of a copy of any attached documents to Defendant(s), or Defendant(s)' attorney(s) at the above address(es), on _____.

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT - FIRST DISTRICT

## SERVICE LIST

**Address: 3216 W. Fulton Blvd.**

**Case No. 12 M1 401040**

**Aegis Funding Corp.**
c/o CT Corporation System
208 S. LaSalle St. Ste. 814
Chicago, IL 60604

**Bryan Armstrong**
3216 W. Fulton Blvd. Apt. 2
Chicago, IL 60624

**Darice Armstrong**
3216 W. Fulton Blvd. Apt. 2
Chicago, IL 60624

**JP Morgan Chase Bank, NA as successor to Washington Mutual Bank FA**
c/o CT Corporation System
208 S. LaSalle St. Ste. 815
Chicago, IL 60604

**Mortgage Electronic Reg Systems Inc as nominee for Aegis Funding Corp.**
c/o Genpact Reg. Agent Inc.
1901 E. Voorhees St. Ste. C
Danville, IL 61834

**Mike Weik**
Smith and Weik, LLC
1011 Lake St. Ste. 412
Oak Park, IL 60301

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT - FIRST DISTRICT**

FILED-50

13 OCT -1 PM 3:52

CLERK OF THE CIRCUIT COURT
CIVIL DIVISION

CLERK
DOROTHY BROWN

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | Case No.: 12 M1 401040 |
| a municipal corporation, | ) | |
| Plaintiff, | ) | |
| | ) | Re: 3216 W. Fulton Blvd. |
| v. | ) | |
| BRYAN ARMSTRONG *et al.*, | ) | Room: 1105, Daley Center |
| Defendant(s). | ) | |

## CITY'S MOTION TO REINSTATE

Plaintiff, City of Chicago, a municipal corporation ("City"), by and through its attorney, Stephen R. Patton, Corporation Counsel, pursuant to Illinois Supreme Court Rule 369(c) respectfully moves the Court to reinstate the above-cited case for hearing on remand pursuant to the order of the United States District Court for the Northern District of Illinois in case number 13-cv-06693. In support of this motion, the City states the following:

1.      Pursuant to the City's motion to remand the case to state court, the United States District Court for the Northern District of Illinois remanded the case to the Circuit Court of Cook County, Illinois on September 26, 2013. <u>See</u> attached order.

**WHEREFORE** the City respectfully requests that the Court:

A.  Reinstate this matter, pursuant to the September 26, 2013 order of the United States District Court for the Northern District of Illinois, case number 13-cv-06693, for further proceedings pursuant to the District Court's mandate; and

B.  For any other relief consistent therewith.

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel for the City of Chicago

By:  _____
       Michael Knight
       Assistant Corporation Counsel

**ATTORNEY FOR PLAINTIFF**
30 N. LaSalle, #700, Chicago, IL 60602
(312) 744-8707      Atty No. 90909

## <u>VERIFICATION BY CERTIFICATION</u>

Under the penalties as provided by law, pursuant to 735 ILCS 5/1-109, the undersigned certifies that he is an Assistant Corporation Counsel for the City of Chicago and that he is the duly authorized agent of the Plaintiff for the purpose of making this Certification, and that the statements set forth in this motion are true and correct, except as to matters therein stated to be on information and belief and as to such matters he certifies as aforesaid that he believes the same to be true.

Michael Knight
Assistant Corporation Counsel

Case: 1:13-cv-06693 Document #: 9 Filed: 09/26/13 Page 1 of 1 PageID #:83

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| City of Chicago<br>Plaintiffs | ) | |
| | ) | Case No: 13 C 6693 |
| v. | ) | |
| | ) | |
| Armstrong, et al | ) | Judge Charles P. Kocoras |
| Defendant | ) | |
| | ) | |

### ORDER

Motion hearing held on 9/26/2013 regarding motion to remand case (Doc [6]). Plaintiff's motion to remand case to Circuit Court of Cook County (Doc [6]) is granted. Status hearing set for 10/29/2013 is stricken. Civil case terminated.

Date: September 26, 2013

_Charles P. Kocoras_
U.S. District Judge Charles P. Kocoras

00:05



**City of Chicago**
Rahm Emanuel, Mayor

**Department of Law**

Stephen Patton
Corporation Counsel
30 N. LaSalle St., Ste. 700
Chicago, IL 60602
(312) 744-8971

http://www.cityofchicago.org

October 9, 2013

**ATTENTION ALL TENANTS AND OCCUPANTS:**

**THE COURT HAS ENTERED AN EMERGENCY VACATE ORDER IN THE HOUSING COURT CASE REFERENCED BELOW:**

City of Chicago v. Bryan Armstrong, et al.,
Case No. 12 M1 401040, 3216 W. Fulton Blvd.

The Circuit Court of Cook County has determined that the subject premises has dangerous and hazardous conditions, which pose an immediate danger to the health and safety of all tenants and occupants. The Court has ordered that all **TENANTS AND OCCUPANTS** shall vacate the building, due to these dangerous and hazardous conditions.

**The City of Chicago Police Department and Department of Family and Support Services, will be at the premises on OCTOBER 18, 2013 at 9:30 a.m. for purposes of enforcing this vacate order, and to provide tenants and occupants with relocation assistance as necessary.**

**Please contact the City of Chicago Department of Family and Support Services, at 311 prior to this date if you require assistance in relocating from the premises.**

**ALL TENANTS AND OCCUPANTS ARE TO VACATE THE SECOND FLOOR AT THE PREMISES ON OR BEFORE OCTOBER 18, 2013.** At that time, all utilities at the premises will be terminated, and the premises will be boarded and secured.

Thank you,

Glenn Angel
Senior Counsel
Building and License Enforcement Division
(312) 744-4033

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

FILED-5(

13 OCT -1 PM 3:5

CLERK OF THE CIRCUIT CO
CIVIL DIVISION

_____CLER
DOROTHY BROWN

| | | |
|---|---|---|
| CITY OF CHICAGO,<br>a municipal corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 12 M1 401040 |
| v. | ) | |
| | ) | |
| BRYAN ARMSTRONG, *et al.*, | ) | Re: 3216 W. Fulton Blvd. |
| | ) | |
| Defendant(s). | ) | Room: 1105, Daley Center |
| | ) | |

## NOTICE OF MOTION TO REINSTATE

To:    See attached service list

**PLEASE TAKE NOTICE** that on **October 8, 2013 at 9:30 a.m.**, I will appear before the honorable judge presiding in courtroom 1105, Daley Center, 50 W. Washington St., Chicago, Illinois, and present the attached Motion.

Respectfully submitted,

Michael Knight
Assistant Corporation Counsel

Atty #90909
City of Chicago
Department of Law
30 N. LaSalle Street, Suite 700
Chicago, Illinois
(312) 744-4033

## CERTIFICATE OF SERVICE

I,   Michael Knight  , an attorney, hereby certify, under penalties as provided by law pursuant to 735 ILCS 5/1-109, that I have served a copy of the foregoing instrument by:

 X  placing in the U.S. mail at 30 N. LaSalle St., Chicago, Illinois, postage prepaid, before 5:00 p.m. on October 01, 2013, a copy of any attached documents to Defendant(s), or Defendant(s)' attorney(s), at the above address(es); and/or

_____ faxing a copy of any attached documents on _____ to Defendant(s), or Defendant(s) attorney(s) at the above facsimile number; and/or

_____ hand-delivery of a copy of any attached documents to Defendant(s), or Defendant(s)' attorney(s) at the above address(es), on _____

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT - FIRST DISTRICT

### SERVICE LIST

Address: 3216 W. Fulton Blvd.

Case No. 12 M1 401040

**Aegis Funding Corp.**
c/o CT Corporation System
208 S. LaSalle St. Ste. 814
Chicago, IL 60604

**Bryan Armstrong**
3216 W. Fulton Blvd. Apt. 2
Chicago, IL 60624

**Darice Armstrong**
3216 W. Fulton Blvd. Apt. 2
Chicago, IL 60624

**JP Morgan Chase Bank, NA as successor to Washington Mutual Bank FA**
c/o CT Corporation System
208 S. LaSalle St. Ste. 815
Chicago, IL 60604

**Mortgage Electronic Reg Systems Inc as nominee for Aegis Funding Corp.**
c/o Genpact Reg. Agent Inc.
1901 E. Voorhees St. Ste. C
Danville, IL 61834

**Mike Weik**
Smith and Weik, LLC
1011 Lake St. Ste. 412
Oak Park, IL 60301

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

**FILED-50**

**13 OCT -1 PH 3: 52**

CLERK OF THE CIRCUIT COURT
CIVIL DIVISION

CLERK
DOROTHY BROWN

| | | |
|---|---|---|
| CITY OF CHICAGO,<br>a municipal corporation,<br>Plaintiff, | )<br>)<br>)<br>) | Case No.: 12 M1 401040 |
| v. | )<br>) | Re: 3216 W. Fulton Blvd. |
| BRYAN ARMSTRONG *et al.*,<br>Defendant(s). | )<br>)<br>) | Room: 1105, Daley Center |

## CITY'S MOTION TO REINSTATE

Plaintiff, City of Chicago, a municipal corporation ("City"), by and through its attorney, Stephen R. Patton, Corporation Counsel, pursuant to Illinois Supreme Court Rule 369(c) respectfully moves the Court to reinstate the above-cited case for hearing on remand pursuant to the order of the United States District Court for the Northern District of Illinois in case number 13-cv-06693. In support of this motion, the City states the following:

1. Pursuant to the City's motion to remand the case to state court, the United States District Court for the Northern District of Illinois remanded the case to the Circuit Court of Cook County, Illinois on September 26, 2013. See attached order.

**WHEREFORE** the City respectfully requests that the Court:

A. Reinstate this matter, pursuant to the September 26, 2013 order of the United States District Court for the Northern District of Illinois, case number 13-cv-06693, for further proceedings pursuant to the District Court's mandate; and

B. For any other relief consistent therewith.

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel for the City of Chicago

By: _____

Michael Knight
Assistant Corporation Counsel

**ATTORNEY FOR PLAINTIFF**
30 N. LaSalle, #700, Chicago, IL 60602
(312) 744-8707          Atty No. 90909

## VERIFICATION BY CERTIFICATION

Under the penalties as provided by law, pursuant to 735 ILCS 5/1-109, the undersigned certifies that he is an Assistant Corporation Counsel for the City of Chicago and that he is the duly authorized agent of the Plaintiff for the purpose of making this Certification, and that the statements set forth in this motion are true and correct, except as to matters therein stated to be on information and belief and as to such matters he certifies as aforesaid that he believes the same to be true.

_____

Michael Knight
Assistant Corporation Counsel

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| City of Chicago<br>Plaintiffs | ) | |
| | ) | Case No: 13 C 6693 |
| v. | ) | |
| | ) | |
| Armstrong, et al | ) | Judge Charles P. Kocoras |
| Defendant | ) | |
| | ) | |
| | ) | |

## ORDER

Motion hearing held on 9/26/2013 regarding motion to remand case (Doc [6]). Plaintiff's motion to remand case to Circuit Court of Cook County (Doc [6]) is granted. Status hearing set for 10/29/2013 is stricken. Civil case terminated.

Date:   September 26, 2013

*Charles P. Kocoras*

U.S. District Judge Charles P. Kocoras

00:05



**City of Chicago**
Rahm Emanuel, Mayor

**Department of Law**

Stephen Patton
Corporation Counsel
30 N. LaSalle St., Ste. 700
Chicago, IL 60602
(312) 744-8971

http://www.cityofchicago.org

October 9, 2013

## ATTENTION ALL TENANTS AND OCCUPANTS:

## THE COURT HAS ENTERED AN EMERGENCY VACATE ORDER IN THE HOUSING COURT CASE REFERENCED BELOW:

City of Chicago v. Bryan Armstrong, *et al.*,
Case No. 12 M1 401040, 3216 W. Fulton Blvd.

The Circuit Court of Cook County has determined that the subject premises has dangerous and hazardous conditions, which pose an immediate danger to the health and safety of all tenants and occupants. The Court has ordered that all **TENANTS AND OCCUPANTS** shall vacate the building, due to these dangerous and hazardous conditions.

**The City of Chicago Police Department and Department of Family and Support Services**, will be at the premises on **OCTOBER 18, 2013** at 9:30 a.m. for purposes of enforcing this vacate order, and to provide tenants and occupants with relocation assistance as necessary.

**Please contact the City of Chicago Department of Family and Support Services,** at 311 prior to this date if you require assistance in relocating from the premises.

## ALL TENANTS AND OCCUPANTS ARE TO VACATE THE SECOND FLOOR AT THE PREMISES ON OR BEFORE OCTOBER 18, 2013. At that time, all utilities at the premises will be terminated, and the premises will be boarded and secured.

Thank you,

Glenn Angel
Senior Counsel
Building and License Enforcement Division
(312) 744-4033

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

CITY OF CHICAGO
a municipal corporation,

    Plaintiff,

    v.

BRYAN ARMSTRONG, et al.,

    Defendant(s).

)
)
)
)
)
)
)
)
)
)
)

No. 12M1401040

Re. 3216 W FULTON BLVD

## DEFENDANT MOTION TO DISMISS

The Municipal Corporation City of Chicago has no legal basis as to bring this suit against this defendant and the plaintiff's claim is without merit because the claim was based on the allegation that the property was *"unsafe"*.

### Facts

1. The ordinances cited in the plaintiff, Municipal Corporation City of Chicago, complaint cites *"unsafe property"* 65 ILCS 5/11-31-1 demolition repair or remediation. Under this statute it provides that, " The corporation authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair, or enclosure of dangerous and unsafe buildings or uncompleted and abandon buildings within the territory of the municipality and may remove or cause the removal of garbage, debris, and other hazardous, noxious, or unhealthy substances or materials from those buildings. In any county having adopted by referendum or otherwise a county health department as provided by division 5-25 of the Counties Code or it predecessor, the county board of that county may exercise those powers with regard to dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of any city, village, or incorporated town having less than 50,000 population",

2. *"Unsafe Property"* under the 65 ILCS 5/11-31-1 (f 3) is defined as "a property that presents an actual or imminent threat to public health and safety caused by the release of hazardous substances.

*substances"* under the 65 ILCS 5/11-31-1 (f 4) is defined as the same as in section 3.215 of the Environmental Protection Act which states " hazardous substances and petroleum products or a release of a petroleum product on, in or under the property". In addition, hazardous substances under 65 ILCS 5/11-31-1 (f 4) states that " the corporate authorities shall apply to the circuit court of the county on which the property is located (i) for an order allowing the municipality to enter the property and inspect and test substances on, in, or under the property; or (ii) for an order authorizing the corporate authorities to take action with respect to remediation of the property if conditions on the property, based on the inspection and testing authorized in paragraph (i), indicate the presence of hazardous substances or petroleum products.  Remediation shall be deemed complete for purposes of paragraph (ii) above when the property satisfies Tier I, II or III remediation objectives for the property's most recent usage, as established by the Environmental Protection Act, and the rules and regulations promulgated thereunder. Where, upon diligent search, the identity or whereabouts of the owner or owners of the property, including the lien holders of record, is not ascertainable, notice mailed to the person or persons in whose name the real estate was last assessed is sufficient notice under this section".

4.  There is nothing in the plaintiff's, the Municipal Corporation the City of Chicago, complaint that suggest that this property has any environmental concerns as the law provides under the unsafe property statute 65 ILCS 5/11-31-1(a) as the plaintiff cites this statute as the basis for this complaint.

5.  In addition statute 65 ILCS 5/11-31-1(a) calls for the territory for any city, village, or incorporated town having less than a population of 50,000.

6. State law 735 ILCS 5/2-203 (c) provides that any person that knowingly set forth in a certificate or affidavit any false statement shall held libel in civil contempt.

# Relief

The defendant prays that this court dismiss with prejudice all orders against the defendant and subject property and hold the plaintiff, the City of Chicago, in contempt for misleading this court in believing that this court has jurisdiction over the defendant and grant his request for compensatory and punitive damages and whatever else that the court deems fair and equitable.

Sincerely,

Bryan Armstrong

3214 W. FULTON ST
Chicago IL 60624          (312) 388-9192

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT - FIRST DISTRICT

CITY OF CHICAGO, a municipal corporation,

Plaintiff

v

BRYAN ARMSTRONG

DARICE ARMSTRONG

AEGIS FUNDING CORP.

JP MORGAN CHASE BANK, NA AS SUCCESSOR TO WASHINGTON MUTUAL BANK FA

MORTGAGE ELELCTRONIC REG SYSTEMS INC. AS NOMINEE FOR AEGIS FUNDING CORP.

Unknown owners and non-record claimants

Defendants

**12 M1   401040**

Case No. _____

Amount claimed per day                  5,500.00
Address:

3216 - 3216 W FULTON BLVD CHICAGO IL 60624-

## COMPLAINT FOR EQUITABLE AND OTHER RELIEF

Plaintiff, City of Chicago, a municipal corporation, by Stephen Patton, Corporate Counsel, by the undersigned Assistant(s) Corporation Counsel, complains of Defendants as follows:

### Count I

1. Within the corporate limits of said city there is a parcel of real estate legally described as follows:

    16-11-405-084

    LOT 8 IN BLOCK 6 IN SUBDIVISION OF THE SOUTH 1/2 OF BLOCK 6, TOGETHER WITH THE NORTH 1/2 OF BLOCK 7, IN TYRELL, BARRETT AND KERFOOT'S SUBDIVISION OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 11, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

    Commonly known as

    3216 - 3216 W FULTON BLVD CHICAGO IL 60624-

    and that located thereon is a

    2   Story(s) Building

    2   Dwelling Units

    0   Non-Residential Units



2. That at all times pertinent thereto on information and belief the following named defendants owned, maintained, operated, collected rents for, or had an interest in the said property on the date(s) herein set forth.

BRYAN ARMSTRONG , OWNER

DARICE ARMSTRONG , OWNER

AEGIS FUNDING CORP. , MORTGAGE HOLDER

JP MORGAN CHASE BANK, NA AS SUCCESSOR TO WASHINGTON MUTUAL BANK FA , MORTGAGE HOLDER

MORTGAGE ELELCTRONIC REG SYSTEMS INC. AS NOMINEE FOR AEGIS FUNDING CORP. , MORTGAGE HOLDER

Unknown owners and non-record claimants

3. That on 12/16/2011 and on each succeeding day thereafter and on numerous other occasions, the defendant(s) failed to comply with the Municipal Code of City of Chicago as follows:

1          CN196029

Post name, address, and telephone of owner, owner's agent for managing, controlling or collecting rents, and any other person managing or controlling building conspicuously where accessible or visible to public way. (13-12-030)
No owner's / management sign posted.

Location:   OTHER  :  :Building

2          CN067014                                               SEQ #: 001

Failed to maintain roof in sound condition and repair, watertight and free from defects. (13-196-530, 13-196-530(c) and 13-196-641)
Bay roof - rotted wood, missing facia and eaves.

Location:   EXTERIOR:S  :South elevation

3          CN061014                                               SEQ #: 002

Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b), 13-196-641)
Washed out mortar various locations throughout.

Location:   EXTERIOR:S  :South elevation

4          CN062014                                               SEQ #: 003

Failed to maintain the parapet wall and coping in good repair and free from cracks and defects. (13-196-530, 13-196-530(e) and 13-196-641)
Parapet wall and coping stones - leaning outwards, missing, spalling bricks and washed out mortar. Coping stones shifted and washed out mortar.

Location:   EXTERIOR:E  :East elevation

5          CN070014                                               SEQ #: 004

Failed to maintain exterior stairways in safe condition and in sound repair. (13-196-570, 13-196-641)
Spalled concrete treads.

Location:   EXTERIOR:S  :Front stairs to 1st floor

SEQ #: 005

6        CN070034

Failed to rebuild or replace dilapidated and dangerous porch. (13-196-570, 13-196-641)

1. Dangerous and hazardous conditions - porch system is pulling away from building.
2. Rotted wood throughout.
3. 6x6 columns resting on loose and shifting stones.
4. Foundation status unknown.
5. Beam to column connections inadequate.
6. Lookout beams over spanned.
7. Lookout beams missing tie straps.
8. Stair stringers inadeqautely supported.
9. Stair stringers improperly cut.
10. Stair treads undersized.
11. 2x8 joist over spanned.
12. Guardrails under 42 inches in height.
13. Plans and permit required.

Location:   EXTERIOR:N  :Rear porch

7        CN063014                SEQ #: 006

Failed to maintain chimney in safe and sound working condition. (13-196-590, 13-196-530(b) and (c), 13-196-641)

All chimneys - missing, spalling bricks and washed out mortar.

Location:   OTHER  :  :3 chimneys

8        CN138106                SEQ #: 007

Remove and stop nuisance. (7-28-060)

Abandonded box truck in rear yard.

Location:   OTHER  :  :Rear yard

9        CN138056                SEQ #: 008

Remove accumulation of refuse and debris and keep premises clean. (13-196-580, 13-196-630)

Junk and debri throughout rear yard.

Location:   OTHER  :  :Rear yard

10       CN190019                SEQ #: 009

Arrange for inspection of premises. (13-12-100)

No response, unverified detectors, conditions and occupancy. Unable to verify complaint of only one exit from basement.

Location:   INTERIOR:-1 :Interior of building

11       NC2021                SEQ #: 010

Performed or allowed work to be performed erecting, enlarging, altering, repairing, removing or demolishing a building or part of a building without a permit. (13-12-050, 13-32-010, 13-32-130)

No permit on file for installing wrought iron fence and gate.

Location:   OTHER  :  :Rear fence

*** End of Violations ***

SEQ #: 011

4. That Michael Merchant is the Commissioner of the Department of Buildings of City of Chicago, and as such and pursuant to the Building Code of City of Chicago, caused inspection(s) to be conducted by inspectors of the Department of Buildings of City of Chicago, who have knowledge of the facts stated in this complaint.

5. That this proceeding is brought pursuant to the provisions of the Municipal Code of Chicago, and Chapter 65, Section 5/11-31-1, 5/11-31-2, and 5/11-13-15 of the Illinois Compiled Statutes, as amended.

Wherefore, plaintiff prays for a fine against the defendants, as provided under 13-12-020 of the Municipal Code of Chicago, in the amount indicated on the heading of the Complaint for each day said violations have existed and/or exist, said fine computed in accordance with Section 13-12-040 of the Municipal Code of Chicago.

## Count II

Plaintiff, City of Chicago, a municipal corporation, realleges the allegations of paragraphs one through five of Count I as paragraphs one through five of Count II and further alleges:

6. That the levying of a fine is not an adequate remedy to secure the abatement of the aforestated municipal code violations and the public nuisance which they constitute, and that it is necessary that a temporary and permanent injunction issue and, if necessary, that a receiver be appointed, to bring the subject property into compliance with the Municipal Code of Chicago.

7. That Michael Merchant, the Commissioner of the Department of Buildings, City of Chicago, has determined said building does not comply with the minimum standards of health and safety set forth in the Building Code.

## WHEREFORE, PLAINTIFF PRAYS:

a. For a temporary and permanent injunction requiring the defendants to correct the violations alleged in the complaint and to restrain future violations permanently, pursuant to 65 ILCS 5/11-31-1 (a), 5/11-31-2 and 5/11-13-15 and 13-12-070 of the Municipal Code.

b. For the appointment of receiver , if necessary, to correct the conditions alleged in the Complaint with the full powers of receivership including the right to issue and sell receivers certificates in accordance with Section 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended.

c. For an order authorizing the plaintiff to demolish, repair, enclose or clean up said premises, if necessary, and a judgment against defendants and a lien on the subject property for these costs in accordance with Section 5/11-31-1 (a) of Chapter 65 of the Illinois Compiled Statutes, as amended.

d. If appropriate and under proper petition, for an order declaring the property abandoned under Section 5/11-31-1 (d) of Chapter 65 of the Illinois Compiled Statutes as amended and for an order granting City of Chicago a judicial deed to the property if declared abandoned.

e. If a statutory lien is obtained in this proceeding under Section 5/11-31-1 or 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended, for an order permitting foreclosure of said lien in this proceeding.

f. For reasonable attorney fees and litigation and court costs.

g. For such other and further relief as may be necessary in the premises and which the court shall deem necessary.

CITY OF CHICAGO, a municipal corporation

By: _____

ASSISTANT CORPORATION COUNSEL

## VERIFICATION

The undersigned, being first duly sworn on oath, deposes and says that he/she is the duly authorized agent of the plaintiff for the purpose of making this affidavit; that he/she has read the above and forgoing complaint, and has knowledge of the contents thereof, and that matters set out therein are true in substance and in fact, and as to matters alleged on information and belief that he/she believes them to be true.

Subscribed and sworn to before me this 24th Day of Feb 20 12

By: _Doris Logan_

_____
Deputy Circuit Court Clerk or Notary Public

OFFICIAL SEAL
DORIS LOGAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 28/ -

For further information Contact: Department of Buildings
Public Information Desk (312) 744 3400

**Stephen Patton**
Corporation Counsel
Attorney for Plaintiff

By: _KB Baker_

Assistant Corporation Counsel
30 N LaSalle St. 7th floor
Chicago, Illinois 60602
Atty. No 90909
(312) 744-8791

..........................asp?ActID=802&ChapterID=14&SeqStart=

**Information maintained by the Legislative Reference Bureau**
Updating the database of the Illinois Compiled Statutes (ILCS) is an ongoing process. Recent laws may not yet be included in the ILCS database, but they are found on this site as Public Acts soon after they become law. For information concerning the relationship between statutes and Public Acts, refer to the Guide.

Because the statute database is maintained primarily for legislative drafting purposes, statutory changes are sometimes included in the statute database before they take effect. If the source note at the end of a Section of the statutes includes a Public Act that has not yet taken effect, the version of the law that is currently in effect may have already been removed from the database and you should refer to that Public Act to see the changes made to the current law.

## MUNICIPALITIES

## (65 ILCS 5/) Illinois Municipal Code.

(65 ILCS 5/11-30-1) (from Ch. 24, par. 11-30-1)
Sec. 11-30-1. The corporate authorities of each municipality may regulate fences and party walls. Provisions of this act do not apply to railroad right of way fences which are regulated under Section 57 of the Public Utilities Act.
(Source: Laws 1965, p. 1027.)

(65 ILCS 5/11-30-2) (from Ch. 24, par. 11-30-2)
Sec. 11-30-2. For the purpose of lessening or avoiding the hazards to persons and damage to property resulting from flooding, the corporate authorities of each municipality may prescribe rules and regulations for the construction and alteration of buildings and structures and parts and appurtenances thereof.
(Source: Laws 1961, p. 576.)

(65 ILCS 5/11-30-3) (from Ch. 24, par. 11-30-3)
Sec. 11-30-3. In order to promote the public health and safety and the health and safety of the occupants of the premises herein defined, the corporate authorities may license, locate and regulate the use and construction of rooming houses. In municipalities of more than 500,000 inhabitants the fee for any license authorized under this Section shall not exceed the sum of $25 per year.

For the purposes of this section, the term "rooming house" means a building or portion of a building other than a hotel, motel, apartment hotel, or residential hotel, in which sleeping accommodations not constituting an apartment are furnished at a fee for 4 or more persons ordinarily renting such accommodations at a specified rate for a specified time, and occupying the premises as a permanent place of abode rather than on a transient basis for a short term period of occupancy. An apartment is herein defined as a self-contained unit with private bath and cooking facilities.
(Source: Laws 1961, p. 2614.)

(65 ILCS 5/11-30-4) (from Ch. 24, par. 11-30-4)
Sec. 11-30-4. The corporate authorities of each municipality may prescribe the strength and manner of constructing all buildings, structures and their accessories and of the construction of fire escapes thereon.
(Source: Laws 1961, p. 576.)

(65 ILCS 5/11-30-5) (from Ch. 24, par. 11-30-5)
Sec. 11-30-5. In order to promote the public health and safety of the occupants of the premises herein defined, the corporate authorities of each municipality may regulate and provide for supervision of every building, structure or any part thereof used or held out to the public to be a place where sleeping accommodations are furnished or maintained for 20 or more persons for a period of one day or more, and in connection therewith, but not as a limitation

www.ilcs4.asp?ActID=802&ChapterID=14&SeqStan

(Source: Laws 1961, p. 576.)

(65 ILCS 5/11-30-6) (from Ch. 24, par. 11-30-6)
Sec. 11-30-6. In municipalities the corporate authorities and common ways in premises containing more than 2 flats or apartments and to require the municipality, corporation having control of such stairs, vestibules, passageways and common ways to light the same.
(Source: Laws 1961, p. 576.)

(65 ILCS 5/11-30-7) (from Ch. 24, par. 11-30-7)
Sec. 11-30-7. In municipalities of 500,000 or more inhabitants or municipalities of 500,000 or more inhabitants lying wholly or partly within a radius of 30 miles from the corporate limits of municipalities of 500,000 or more inhabitants, the corporate authorities may regulate the lighting of stairs, vestibules, or way for public service facilities improved with water mains and sanitary sewers is provided to serve the lot or parcel of land.
(Source: Laws 1961, p. 576.)

(65 ILCS 5/11-30-8) (from Ch. 24, par. 11-30-8)
Sec. 11-30-8. The corporate authorities may prescribe rules and regulations for grading and draining of lots and construction of (1) paving for motor vehicle driveways and parking areas, (2) terraces, (3) retaining walls of masonry and other materials and for preserving drainage channels in connection with building improvements or without such improvements.
(Source: Laws 1961, p. 2620.)

(65 ILCS 5/11-30-9) (from Ch. 24, par. 11-30-9)
Sec. 11-30-9. The corporate authorities may prescribe rules and regulations for the construction of privately owned artificial basins of water used for swimming or wading, which use or need external buttresses or which are dug into the ground, located on private residential property and intended for the use of the owner and guests. The corporate authorities may by ordinance require the construction of fences around or protective covers over previously constructed artificial basins of water dug in the ground and used for swimming or wading, which are located on private residential property and intended for the use of the owner and guests.
(Source: P.A. 86-1470.)

(65 ILCS 5/11-30-10)
Sec. 11-30-10. Municipality of 500,000 or more; landlord compliance program.
(a) This Section applies only to municipalities having 500,000 or more inhabitants.
(b) If a person is a legal or municipal officer or administrative agency, cooking, and eating containing rooms or groups of rooms used or intended to be used as housekeeping units for living, sleeping, other than a unit for living, sleeping, owner of a building containing rooms or groups of rooms used or intended to be or municipal officer or for living, sleeping, owner of a building containing rooms or groups of rooms used or intended to be ordinance or code that establishes construction, plumbing, heating, electrical, fire prevention, sanitation, or other health and safety standards that are applicable to such buildings, then, in addition to any other action authorized by law, the court, officer, or agency may offer the owner the option of attending a program designed to encourage the owner's compliance with all municipal ordinances and codes applicable to such buildings. The municipality may prepare the owner's compliance may contract with a public or private entity for that purpose. If the owner states to the court, officer, or agency that he or she intends to attend a program but then does not attend the program, then the court, officer, or agency may impose against the owner a fine of twice the amount that would have been imposed if the owner had not stated an intention to attend the program, except that the total fine may not exceed the maximum amount authorized by law.

applicable to such buildings. The municipality may prepare and present the program or may contract with a public or private entity for that purpose. If the owner states to the court, officer, or agency that he or she intends to attend the program but then does not attend the program, then the court, officer, or agency may impose against the owner a fine of twice the amount that would have been imposed if the owner had not stated an intention to attend the program, except that the total fine may not exceed the maximum amount authorized by law. (Source: P.A. 89-599, eff. 8-2-96.)

(65 ILCS 5/Art. 11 Div. 31 heading)
Division 31. Unsafe Property.

(65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1)
Sec. 11-31-1. Demolition, repair, enclosure, or remediation.
(a) The corporate authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair, or enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of the municipality and may remove or cause the removal of garbage, debris, and other hazardous, noxious, or unhealthy substances or materials from those buildings. In any county having adopted by referendum or otherwise a county health department as provided by Division 5-25 of the Counties Code or its predecessor, the county board of that county may exercise those powers with regard to dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of any city, village, or incorporated town having less than 50,000 population.
The corporate authorities shall apply to the circuit court of the county in which the building is located (i) for an order authorizing action to be taken with respect to a building if the owner or owners of the building, including the lien holders of record, after at least 15 days' written notice by mail so to do, have failed to put the building in a safe condition or to demolish it or (ii) for an order requiring the owner or owners of record to demolish, repair, or enclose the building or to remove garbage, debris, and other hazardous, noxious, or unhealthy substances or materials from the building. It is not a defense to the cause of action that the building is boarded up or otherwise enclosed, although the court may order the defendant to have the building boarded up or otherwise enclosed. Where, upon diligent search, the identity or whereabouts of the owner or owners of the building, including the lien holders of record, is not ascertainable, notice mailed to the person or persons in whose name the real estate was last assessed is sufficient notice under this Section.
The hearing upon the application to the circuit court shall be expedited by the court and shall be given precedence over all other suits. Any person entitled to bring an action under subsection (b) shall have the right to intervene in an action brought under this Section.
The cost of the demolition, repair, enclosure, or removal incurred by the municipality, by an intervenor, or by a lien holder of record, including court costs, attorney's fees, and other costs related to the enforcement of this Section, is recoverable from the owner or owners of the real estate or the previous owner or both if the property was transferred during the 15 day notice period and is a lien on the real estate; the lien is superior to all prior existing liens and encumbrances, except taxes, if, within 180 days after the repair, demolition, enclosure, or removal, the municipality, the lien holder of record, or the intervenor who incurred the cost and expense shall file a notice of lien for the cost and expense incurred in the office of the recorder in the county in which the real estate is located or in the office of the registrar of titles of the county if the real estate affected is registered under the Registered Titles (Torrens) Act.
The notice must consist of a sworn statement setting out (1) a description of the real estate sufficient for its identification, (2) the amount of money representing the cost and expense incurred, and (3) the date or dates when the cost and expense was incurred by the municipality, the lien holder of record, or the intervenor. Upon payment of the cost and expense by the owner of or persons

.........asp?ActID=802&ChapterID=14&SeqStart=...

...tioned building within its territory fulfills the requirements for an action by the municipality under the Housing Rehabilitation Act.

(b) Any owner or tenant of real property may petition an action that Act in a proceeding brought under this subsection within the territory of a municipality with a population of 500,000 or more may file with the circuit court of the county in which the a request that the municipality apply to the circuit court of the county in which the building is located for an order permitting the demolition, removal of garbage, debris, and other noxious or unhealthy substances and materials from, or enclosure of the building in the manner prescribed in subsection (a) of this Section. If the municipality fails to institute an action in circuit court within 90 days after the filing of the building is located for an order within 1200 feet in any direction of the building may institute an action in circuit court seeking an order owner or owners of record in any direction of the building in request, the owner or tenant of real property repair or enclose or to cause to be demolished, remove garbage, debris, and other noxious or unhealthy substances and order removed from, repaired, or enclosed the building in question. A private owner or tenant who institutes an action preceding sentence shall not be required to be borne by the owner or owners of record of the building. The cost of repair, removal, demolition, or enclosure shall be borne by the owner or owners of record of the building. The cost of repair, removal, record fail to demolish, remove garbage, debris, and other noxious or unhealthy substances and materials from, enclose the building within 90 days of the date the court entered its order, the owner or tenant of record who request that the court join the municipality as a party to the action. The court may order the municipality to be taken remove materials from, repair, or enclose the building or upon the municipality or cause that action to be taken upon the request of any owner or tenant who instituted the action and is a lien on the real estate; the lien is superior to all prior existing liens plan for rehabilitation, the owner or persons who paid the costs of demolition, removal, repair, or enclosure shall file a notice from, repair, or enclose a building in question. A court order authorizing the municipality to demolish, remove materials garbage, debris, and other noxious or unhealthy substances and materials other than the owner or owners of record of the or owners of record of the building in contempt of court due to the failure to comply with the court from adjudging the owner or

If a municipality or a person or persons other than the owner or tenant who institutes an action in circuit court seeking an order garbage, debris, and other noxious or unhealthy substances and materials from, repair, or enclose the order to demolish, remove cost, including court costs, attorney's fees, and other costs related to the enforcement pursuant to a court order, the from the owner or owners of the real estate, repair, or enclose and materials, repair, or enclose pay the cost of demolition, remove the person or persons who have, if within the real estate, and is a lien on the real estate; the lien is superior to all prior existing liens and encumbrances, except taxes, if, within 180 days after the notice of lien has been filed, the municipality may file, and the request of any owner or and expense incurred in the office of the recorder in the county if the real estate affected is located or in the office of the cost registrar of the county if the real estate affected under the Registered Titles (Torrens) Act. The notice shall be in a form as is provided in subsection (a). An owner or tenant who institutes an action in circuit court seeking an order to compel the owner or owners of record to demolish, remove materials from, repair, or enclose any dangerous or unsafe building, or to cause that action to be taken under this subsection may recover court costs and reasonable attorney's fees for of a person interested from the owner of record of the building. Upon payment of the costs and expenses by the owner instituting the action in the property after the notice of lien has been filed, the lien shall be released by the owner record as in the case of filing a notice of lien. Unless the lien has been filed, the notice shall municipality or the person in whose name the lien has been filed or his or her assignee, and the release by the owner by foreclosure in the case of a mortgage foreclosures under Article XV of the Code of Civil Procedure or proceedings as in the case of foreclosure of liens related to the enforcement of this subsection (c), the lien may be filed of mechanics' lien foreclosures. An action to foreclose this lien may be commenced at any time after the date of filing of the notice of lien. The costs of foreclosure incurred by the municipality, including court costs, reasonable attorneys' fees, advances to preserve the property, and other costs related to the enforcement of this subsection, plus statutory interest, are a lien on the real estate and are recoverable by the municipality from the owner or owners of the real estate.

All liens arising under this subsection (c) shall be assignable. The assignee of the lien shall have the same power to enforce the lien as the assigning party, except that the lien may not be enforced under subsection (c) shall have the same

A municipality desiring to enforce a lien under subsection (a), (b), or (f), the municipality may enforce foreclosure proceedings under this subsection in which the lien is enforced under Article foreclosure proceedings under this subsection in the same proceeding in which a lien under subsection (c) shall petition the court to retain jurisdiction for persons who were served notice under subsection (c) shall be served, by certified or registered mail, on all than 15 days after the notice is served. If the court determines that the requirements of this subsection (c) have been

(c) In any case where a municipality has obtained a lien under subsection (a), (b), or (f), the municipality may enforce the lien under this subsection (c) in the same proceeding in which a lien under subsection (c) shall petition the court to retain jurisdiction for notice of lien foreclosures. The costs of foreclosure incurred by the municipality from the owner or owners of the real estate. Notice of the petition shall be served, by certified or registered mail, on all persons who were served notice under subsection (c) shall be served. If the court determines that the requirements of this subsection (c) have been

interested in the property after the notice of lien has been filed, the lien shall be released by the municipality, the person in whose name the lien has been filed, or the assignee of the lien, and the release may be filed of record as in the case of filing notice of lien. Unless the lien is enforced under subsection (c), the lien may be enforced by foreclosure proceedings as in the case of mortgage foreclosures under Article XV of the Code of Civil Procedure or mechanics' lien foreclosures. An action to foreclose this lien may be commenced at any time after the date of filing of the notice of lien. The costs of foreclosure incurred by the municipality, including court costs, reasonable attorney's fees, advances to preserve the property, and other costs related to the enforcement of this subsection, plus statutory interest, are a lien on the real estate and are recoverable by the municipality from the owner or owners of the real estate.

All liens arising under this subsection (a) shall be assignable. The assignee of the lien shall have the same power to enforce the lien as the assigning party, except that the lien may not be enforced under subsection (c).

If the appropriate official of any municipality determines that any dangerous and unsafe building or uncompleted and abandoned building within its territory fulfills the requirements for an action by the municipality under the Abandoned Housing Rehabilitation Act, the municipality may petition under that Act in a proceeding brought under this subsection.

(b) Any owner or tenant of real property within 1200 feet in any direction of any dangerous or unsafe building located within the territory of a municipality with a population of 500,000 or more may file with the appropriate municipal authority a request that the municipality apply to the circuit court of the county in which the building is located for an order permitting the demolition, removal of garbage, debris, and other noxious or unhealthy substances and materials from, or repair or enclosure of the building in the manner prescribed in subsection (a) of this Section. If the municipality fails to institute an action in circuit court within 90 days after the filing of the request, the owner or tenant of real property within 1200 feet in any direction of the building may institute an action in circuit court seeking an order compelling the owner or owners of record to demolish, remove garbage, debris, and other noxious or unhealthy substances and materials from, or repair or enclose or to cause to be demolished, have garbage, debris, and other noxious or unhealthy substances and materials removed from, repaired, or enclosed the building in question. A private owner or tenant who institutes an action under the preceding sentence shall not be required to pay any fee to the clerk of the circuit court. The cost of repair, removal, demolition, or enclosure shall be borne by the owner or owners of record of the building. In the event the owner or owners of record fail to demolish, remove garbage, debris, and other noxious or unhealthy substances and materials from, repair, or enclose the building within 90 days of the date the court entered its order, the owner or tenant who instituted the action may request that the court join the municipality as a party to the action. The court may order the municipality to demolish, remove materials from, repair, or enclose the building, or cause that action to be taken upon the request of any owner or tenant who instituted the action or upon the municipality's request. The municipality may file, and the court may approve, a plan for rehabilitating the building in question. A court order authorizing the municipality to demolish, remove materials from, repair, or enclose a building, or cause that action to be taken, shall not preclude the court from adjudging the owner or owners of record of the building in contempt of court due to the failure to comply with the order to demolish, remove garbage, debris, and other noxious or unhealthy substances and materials from, repair, or enclose the building.

If a municipality or a person or persons other than the owner or owners of record pay the cost of demolition, removal of garbage, debris, and other noxious or unhealthy substances and materials, repair, or enclosure pursuant to a court order, the cost, including court costs, attorney's fees, and other costs related to the enforcement of this subsection, is recoverable from the owner or owners of the real estate and is a lien on the real estate; the lien is superior to all prior existing liens and encumbrances, except taxes, if, within 180 days after the repair, removal, demolition, or enclosure, the municipality or the person or persons who paid the costs of demolition, removal, repair, or enclosure shall file a notice of lien of the cost and expense incurred in the office of the recorder in the county

satisfied, it shall grant the petition and retain jurisdiction over the matter until the foreclosure proceeding is completed. The costs of foreclosure incurred by the municipality, including court costs, reasonable attorneys' fees, advances to preserve the property, and are recoverable by the municipality from the owner or owners of the real estate. If the court denies the petition, the municipality may enforce the lien in a separate action as provided in subsection (a), (b), or (f).

All persons designated in Section 15-1501 of the Code of Civil Procedure as necessary parties in a mortgage foreclosure action shall be joined as parties before issuance of an order of foreclosure. Persons designated in Section 15-1501 of the Code of Civil Procedure as permissible parties may also be joined as parties.

The provisions of Article XV of the Code of Civil Procedure applicable to mortgage foreclosures shall apply to the foreclosure of a lien under this subsection (c), except to the extent that those provisions are inconsistent with this subsection. For purposes of foreclosures of liens under this subsection, however, the redemption period described in subsection (b) of Section 15-1603 of the Code of Civil Procedure shall end 60 days after the date of entry of the order of foreclosure.

(d) In addition to any other remedy provided by law, the corporate authorities of any municipality may petition the circuit court to have property declared abandoned under this subsection (d) if:

(1) the property has been tax delinquent for 2 or more years or bills for water service for the property have been outstanding for 2 or more years;

(2) the property is unoccupied by persons legally in possession; and

(3) the property contains a dangerous or unsafe building for reasons specified in the petition.

All persons having an interest of record in the property, including tax purchasers and beneficial owners of any Illinois land trust having title to the property, shall be named as defendants in the petition and shall be served with process. In addition, service shall be had under Section 2-206 of the Code of Civil Procedure as in other cases affecting property.

If the municipality proves that the conditions described in this subsection exist and (i) the owner of record of the property does not enter an appearance in the action, or, if title to the property is held by an Illinois land trust, (ii) neither the owner of record nor the owner of the beneficial interest of the trust enters an appearance, or, if the owner of record or the owner of the beneficial interest of the trust enters an appearance and specifically waives his or her rights under this subsection (d), the court shall declare the property abandoned. Notwithstanding any waiver, the municipality may move to dismiss its petition at any time. In addition, any waiver in a proceeding under this subsection (d) does not serve as a waiver for any other proceeding under law or equity.

If that determination is made, notice shall be sent in person or by certified or registered mail to all persons having an interest of record in the property, including tax

purchasers and beneficial owners of any Illinois land trust having title to the property, stating that title to the property will be transferred to the municipality unless, within 30 days of the notice, the owner of record or any other person having an interest in the property files with the court a request to demolish the dangerous or unsafe building or to put the building in safe condition, or unless the owner of record enters an appearance and proves that the owner does not intend to abandon the property.

If the owner of record enters an appearance in the action within the 30 day period, but does not at that time file with the court a request to demolish the building or to put the building in safe condition, the court shall waive his or her rights under this subsection (d), and the court shall vacate its order declaring the building abandoned if it determines that the owner of record does not intend to abandon the property. In that case, the municipality may amend its complaint in order to initiate proceedings under subsection (a), or it may request that the court order the owner to demolish the building alleged in the petition to be dangerous or unsafe conditions of the building or repair the dangerous or unsafe conditions at the conditions at the to correct the conditions or to seek the appointment of a receiver or other equitable relief rights of a receiver appointed under property. The powers and include all of the powers and rights of a receiver appointed under Section 11-31-2 of this Code.

If a request to demolish or repair the building is filed within the 30 day period, the court shall grant permission to the requesting party to demolish the building within 30 days or to restore the building to safe condition within 60 days after the request is granted. An extension of that period for up to 60 additional days may be given for good cause. If more than one person with an interest in the property files a timely request, preference shall be given to the owner of record if the owner filed a request or, if the owner did not, the person with the lien or other interest of the highest priority.

If the requesting party (other than the owner of record) proves to the court that the building has been demolished or put in a safe condition in accordance with the court, the codes within the period of time granted by the local safety court shall issue a quitclaim judicial deed for the property to the requesting party, conveying only the interest of the owner of record, upon proof of payment to the municipality of all costs incurred by the municipality in connection with the action, including but not limited to court costs, attorney's fees, administrative costs, the costs, if any, associated with the interest in the property, and receiver's certificates. The building enclosure or removal, and receiver's certificates. all liens and encumbrances on the property so conveyed shall be subject to the interest is conveyed to a person holding a certificate of

purchase for the property under the Property Tax Code, the conveyance shall be subject to the rights of redemption of all persons entitled to redeem under that Act, including the original owner of record. If the requesting party is the owner of record and proves to the court that the building has been demolished or put in a safe condition in accordance with the local safety codes within the period of time granted by the court, the court shall dismiss the proceeding under this subsection (d).

If the owner of record has not entered an appearance and proven that the owner did not intend to abandon the property, and if no person with an interest in the property files a timely request or if the requesting party fails to debts a the building or put the building in safe condition within the time specified by the court, the municipality may petition the court to issue a judicial deed for the property. A conveyance by judicial deed shall operate to extinguish all existing ownership interests in, liens on, and other interest in the property, including tax liens, and shall extinguish the rights and interests of any and all holders of a bona fide certificate of purchase of the property for delinquent taxes. Any such bona fide certificate of purchase holder shall be entitled to a sale in error as prescribed under Section 21-310 of the Property Tax Code.

(e) Each municipality may use the provisions of this subsection to expedite the removal of certain buildings that are a continuing hazard to the community in which they are located.

If a residential or commercial building is 3 stories or less in height as defined by the municipality's building code, and the corporate official designated by the municipality enforcing the municipality's building code, building official or building inspector determines to be in charge of hazard to the community in which an immediate and continuing the official shall be authorized to post a notice not less than 2 feet by 2 feet in size on the front of the building. The notice shall be dated as of the date of the posting and shall state that unless the building is demolished, repaired, or enclosed, and unless any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials are removed so that an immediate and continuing hazard to the community no longer exists, then the building may be demolished, repaired, or enclosed, or any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials may be removed, by the municipality.

Not later than 30 days following the posting of the notice, the municipality shall do all of the following:

(1) Cause to be sent, by certified mail, return receipt requested, a Notice to Remediate the property to all owners of record of the property, the beneficial owners of any Illinois land trust having title to the property, and all

lienholders of record in the property, stating the intent of the municipality to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if that action is not taken by the owner or owners.

(2) Cause to be published, in a newspaper published or circulated in the municipality where the building is located, a notice setting forth (i) the permanent tax index number and the address of the property, (ii) a statement that the property is open and vacant and constitutes an immediate and continuing hazard to the community, and (iii) a statement that the municipality intends to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if the owner or owners or lienholders of record fail to do so. This notice shall be published for 3 consecutive days.

(3) Cause to be recorded the Notice to Remediate mailed under paragraph (i) in the office of the recorder in the county in which the real estate is located or in the office of the registrar of titles of the county if the real estate is registered under the Registered Title (Torrens) Act.

Any person or persons with a current legal or equitable interest in the property objecting to the proposed actions of the corporate authorities may file his or her objection in an appropriate form in a court of competent jurisdiction.

If the building is not demolished, repaired, repaired, enclosed, or the garbage, debris, or other hazardous, noxious, or enclosed, unhealthy substances or materials are not removed, within 30 days of mailing the notice to the owners of record, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, or within 30 days of the last day of publication of the notice, whichever is later, the corporate authorities shall have the power to demolish, repair, or enclose the building or to remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials.

The municipality may proceed to demolish, repair, or enclose a building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials under this subsection within a 120-day period following the date of the mailing of the notice if the notice under this subsection, any person with a legal or equitable interest in the property has sought a hearing under this subsection before a court and has served a copy of the complaint on the

chief executive officer of the municipality, then the municipality shall not proceed with the demolition, repair, enclosure, or removal of garbage, debris, or other substances until the court determines that that action is necessary to remedy the hazard and issues an order authorizing the municipality to do so. If the court dismisses the action for want of prosecution, the municipality must send the objector a copy of the dismissal order and a letter stating that the demolition, repair, enclosure, or removal of garbage, debris, or other substances will proceed unless, within 30 days after the copy of the order and the letter are mailed, the objector moves to vacate the dismissal and serves a copy of the motion on the chief executive officer of the municipality. Notwithstanding any other law to the contrary, if the objector does not file a motion and give the required notice, if the motion is denied by the court, or if the action is again dismissed for want of prosecution, then the dismissal is with prejudice and the demolition, repair, enclosure, or removal may proceed forthwith.

Following the demolition, repair, or enclosure of a building, or the removal of garbage, debris, or other hazardous, noxious, or unhealthy substances or materials under this subsection, the municipality may file a notice of lien against the real estate for the cost of the demolition, repair, enclosure, or removal within 180 days after the repair, demolition, enclosure, or removal occurred, for the cost and expense incurred, in the office of the recorder in the county in which the real estate is located or in the office of the registrar of titles of the county if the real estate affected is registered under the Registered Titles (Torrens) Act; this lien has priority over the interests of those parties named in the Notice to Remediate mailed under paragraph (1), but not over the interests of third party purchasers or encumbrancers for value who obtained their interests in the property before obtaining actual or constructive notice of the lien. The notice of lien shall consist of a sworn statement setting forth (i) a description of the real estate, such as the address or other description of the property, sufficient for its identification; (ii) the expenses incurred by the municipality in undertaking the remedial actions authorized under this subsection; (iii) the date or dates the expenses were incurred by the municipality; (iv) a statement by the corporate official responsible for enforcing the building code that the building was open and vacant and constituted an immediate and continuing hazard to the community; (v) a statement by the corporate official that notice was posted on the building, that notice was sent by certified mail to the owners of record, and that the required sign was published in accordance with this subsection; and (vi) a statement as to when and where the notice was published. The lien authorized by this subsection may

thereafter be released or enforced by the municipality as provided in subsection (a).

(f) The corporate authorities of each municipality may remove or cause the removal of, or otherwise environmentally remediate any abandoned and unsafe property on, in, or under any abandoned and unsafe property on, in, or under the territory of a municipality. In addition, where preliminary evidence indicates the presence or likely presence of a hazardous substance or a petroleum product or a release or substantial threat of a release of a hazardous substance or a petroleum product on, in, or under the property, the corporate authorities of the municipality may inspect the property and test for the presence or release of hazardous substances and petroleum products. In any county having adopted by referendum or otherwise a county health department as provided in Division 5-25 of the Counties Code or its predecessor, the county board of that county may exercise the above-described powers with regard to property within the territory of any city, village, or incorporated town having less than 50,000 population.

For purposes of this subsection (f):

   (1) "property" or "real estate" means all real property, whether or not improved by a structure;

   (2) "abandoned" means:

       (A) the property has been tax delinquent for 2 or more years;

       (B) the property is unoccupied by persons legally in possession; and

   (3) "unsafe" means property that presents an actual or imminent threat to public health and safety caused by the release of hazardous substances; and

   (4) "hazardous substances" means the same as in Section 3.215 of the Environmental Protection Act.

The corporate authorities shall apply to the circuit court of the county in which the property is located (i) for an order allowing the municipality to enter the property and inspect and test substances on, in, or under the property; or (ii) for an order authorizing the corporate authorities to take action with respect to remediation of the property if conditions on the property, based on the inspection and testing authorized in paragraph (i), indicate the presence of hazardous substances or petroleum products. Remediation shall be deemed complete for purposes of this subsection (f) when the property satisfies Tier I, II, or III remediation objectives for the property's most recent usage, as established by the Environmental Protection Act, and the rules and regulations promulgated thereunder. Where, upon diligent search, the identity or whereabouts of the owner or owners of the property, including the lien holders of record, is not ascertainable, notice mailed to the person or persons in whose name the real estate was last assessed is sufficient notice

e~~~~~~~. us.asp?ActID=802&ChapterID=14&SeqStart

under this section.

The court shall grant an order authorizing testing under paragraph (i) above upon a showing of preliminary evidence indicating the presence or likely presence of a hazardous substance or a petroleum product or a release of a hazardous substantial threat of a release of a hazardous substance or a petroleum product on, in, or under abandoned property. The preliminary evidence may include, but is not limited to, evidence of prior use, visual site inspection, or records of prior environmental investigations. The testing authorized by paragraph (i) above shall include any type of investigation which is necessary for an environmental professional to determine the environmental condition of the property, including but not limited to performance of soil borings and groundwater monitoring. The court shall grant a remediation order under paragraph (ii) above where testing of the property indicates that it fails to meet the applicable remediation objectives. The hearing upon the application to the circuit court shall be expedited by the court and shall be given precedence over all other suits.

The cost of the inspection, testing, or remediation incurred by the municipality or by a lien holder of record, including court costs, attorney's fees, and other costs related to the enforcement of this section, is a lien on the real estate; except that if in any instances where a municipality incurs costs of inspection and testing but finds no hazardous substances or petroleum products on the property that present an actual or imminent threat to public health and safety, such costs are not recoverable from the owners. The lien on the real estate shall file a notice of lien for the county in which the real estate is located or in the office of the registrar of titles of the county if the real estate affected is registered under the Registered Titles (Torrens) Act.

The notice must consist of a sworn statement setting out (i) a description of the real estate sufficient for its identification, (ii) the amount of money representing the cost and expense incurred, and (iii) the date or dates when the cost and expense was incurred by the municipality or the lien holder of record. Upon payment of the lien amount by the owner of or persons interested in the property after the notice of lien has been filed, a release of lien shall be issued by the municipality, the person in whose name the lien has been filed, or the assignee of the lien, and the release may be filed of record as in the case of filing notice of lien.

The lien may be enforced under subsection (c) or by foreclosure proceedings as in the case of mortgage foreclosures under Article XV of the Code of Civil Procedure or mechanics' lien foreclosures; provided that where the lien is enforced by foreclosure under subsection (c) or under either statute, the municipality may not proceed against the other assets of the owner or owners of the real estate for any costs that otherwise would be recoverable under this Section but that remain unsatisfied after foreclosure except where such additional recovery is authorized by separate environmental laws. An action to foreclose this lien may be commenced at any time after the date of filing of the notice of lien. The costs of foreclosure incurred by the municipality, including court costs, reasonable attorney's fees, advances to preserve the property, and other costs related to the enforcement of this Subsection, plus statutory interest, are a lien on the real estate.

All liens arising under this Subsection (f) shall be assignable. The assignee of the lien shall have the same power to enforce the lien as the assigning party, except that the lien may not be enforced under subsection (c).

(g) In any case where a municipality has obtained a lien under subsection (a), the municipality may also bring an action for a money judgment against the owner or owners of the real estate in the amount of the lien in the same manner as provided for bringing causes of action in Article II of the Code of Civil Procedure and, upon obtaining a judgment, file a judgment lien against all of the real estate of the owner or owners and enforce that lien as provided for in Article XII of the Code of Civil Procedure.
(Source: P.A. 95-331, eff. 8-21-07; 95-931, eff. 1-1-09.)

(65 ILCS 5/11-31-1.01)
Sec. 11-31-1.01. Securing or enclosing abandoned residential property.

(a) In the case of securing or enclosing an abandoned residential property, a municipality may elect to secure or enclose the exterior of a building or the underlying parcel on which it is located under this Section without application to the circuit court, in which case the provisions of Section 11-20-15.1 shall be the exclusive remedy for the recovery of the costs of such activity.

(b) For the purposes of this Section:

(1) "Secure" or "securing" means boarding up, closing off, or locking windows or entrances or otherwise making the interior of a building inaccessible to the general public; and

(2) "Enclose" or "enclosing" means surrounding part or all of the abandoned residential property's underlying parcel with a fence or wall or otherwise making part or all of the abandoned residential property's underlying parcel inaccessible to the general public.

(c) This Section is repealed upon certification by the Secretary of the Illinois Department of Financial and

Professional Regulation, after consultation with the United States Department of Housing and Urban Development, that the Mortgage Electronic Registration System program is effectively registering substantially all mortgaged residential properties located in the State of Illinois, is available for access by all municipalities located in the State of Illinois without charge to them, and such registration includes the telephone number for the mortgage servicer.
(Source: P.A. 96-856, eff. 3-1-10.)

(65 ILCS 5/11-31-1.1) (from Ch. 24, par. 11-31-1.1)
Sec. 11-31-1.1. No owner of property who held title to the property when property taxes became delinquent and which taxes were still delinquent at the time of the foreclosure of a demolition lien by the corporate authorities of a municipality or the acceptance of a deed of conveyance in lieu of foreclosing such lien and no person, firm, association, corporation or other entity related to or associated with any such owner shall within 10 years after title vests in or to such property.
(Source: P.A. 80-1386.)

(65 ILCS 5/11-31-2) (from Ch. 24, par. 11-31-2)
Sec. 11-31-2. (a) If the appropriate official of any municipality determines, upon due investigation, that any building or structure therein fails to conform to the minimum standards of health and safety as set forth in the applicable ordinances of such municipality, and the owner or owners of such building or structure fails, after due notice, to cause such property so to conform, the municipality may make application to the circuit court for an injunction requiring compliance with such ordinances or for such other order as the court may deem necessary or appropriate to secure such compliance.

If the appropriate official of any municipality determines that any building or structure located within the area affected by a conservation plan, adopted by the municipality pursuant to the Urban Community Conservation Act, fails to conform to the standards and provisions of such plan, and the owner or owners of such building or structure fails, after due notice, to cause such property so to conform, the municipality has the power to make application to the circuit court for an injunction requiring compliance with such plan or for such other order as the court may deem necessary or appropriate to secure such compliance.

The hearing upon such suit shall be expedited by the court and shall be given precedence over all other actions.

If, upon application hereunder, the court orders the appointment of a receiver to cause such property toward maintenance, repair and rehabilitation of the property prior to and despite any assignment of rents; and the court may, by the issuance and sale of notes or receiver's certificates, after their initial issuance and transfer by the receiver in return for a valuable consideration in money, material, labor or services, shall be a first lien upon the real estate and all prior existing liens and encumbrances, except taxes; provided, that within 90 days of the sale or transfer for value by the receiver of such note or certificate, the holder thereof shall file notice of such office of the recorder in the county in which the real estate is located, or in the office of the registrar of titles in the county if the real estate affected is registered under the Registered Titles (Torrens) Act. The notice of the lien filed shall set forth (1) a description of the real estate affected sufficient for the identification thereof, (2) the face amount of the receiver's note or certificate, together with the interest payable thereon, and (3) the date when the receiver's note or certificate was sold or transferred for value by the receiver. Upon payment to the holder of the receiver's note or certificate, together with any interest thereon, to the date of payment, and upon the filing of record of a sworn statement of such payment, the lien may be released. Unless the lien is enforced pursuant to subsection (b), the lien may be enforced by proceedings to foreclose as in the case of mortgages or mechanics' liens, and such action to foreclose such lien may be commenced at any time after the date of default. For the purposes of this

subsection (a), the date of default shall be deemed to occur 90 days from the date of issuance of the receiver's certificate if at that time the certificate remains unpaid in whole or in part.

In the event a receiver appointed under this subsection (a) completes a feasibility study which study finds that the property cannot be economically brought into compliance with the minimum standards of health and safety as set forth in the applicable ordinances of the municipality, the receiver may petition the court for reimbursement for the cost of the feasibility study from the receivership feasibility study and fee fund. The court shall review the petition and the fee for the feasibility report if the court finds that the findings in the feasibility report and authorize reimbursement from the fund to the receiver is reasonable, and that the receiver is unable to obtain reimbursement from the fund other than by certification from the court of the amount to be paid, the county treasurer shall order that amount paid from the fund to the receiver. If the court grants the petition for reimbursement from the fund, the court shall also order the receiver to reimburse receiver to issue a certificate of lien against title. The recorded lien shall be a first lien upon the real estate and shall be superior to all prior liens and encumbrances except real estate taxes. The court shall also authorize and direct the receiver to the extent that the receiver is reimbursed from the fund, the court may further authorize the receiver to enter into such agreements and to do such acts as may be required to obtain first mortgage insurance on the receiver's notes or certificates from an agency of the Federal Government.

(b) In any case where a municipality has obtained a lien pursuant to subsection (a), the municipality may enforce the lien pursuant to this subsection (b) in the same proceeding in which the lien is authorized.

A municipality desiring to enforce a lien pursuant to subsection (a), the municipality may enforce such foreclosure proceedings under this subsection (b) shall petition the court to retain jurisdiction for foreclosure of the petition under subsection (a). The court shall petition the court to retain jurisdiction for persons who were served notice under subsection (a). Notice of the petition shall be served, by certified or registered mail, on all after such notice is served. If the court determines that the requirements of this subsection (b) have been satisfied, it shall grant the petition and retain jurisdiction over the matter until the foreclosure proceeding is completed. If the court denies the petition, the municipality may enforce the lien in a separate action as provided in subsection (a).

All persons designated in Section 15-1501 of the Code of Civil Procedure as necessary parties in a mortgage foreclosure action shall be joined as parties prior to issuance of an order of foreclosure. Persons designated in Section 15-1501 of the Code of Civil Procedure as permissible parties may also be joined as parties in the action.

The provisions of Article XV of the Code of Civil Procedure applicable to mortgage foreclosures shall apply to foreclosure of a lien pursuant to this subsection (b), except to the extent that such provisions are inconsistent with this subsection. However, for purposes of foreclosure of liens pursuant to this subsection, the redemption period described in subsection (b) of Section 15-1603 of the Code of Civil Procedure shall end 60 days after the date of entry of the order of foreclosure.

(Source: P.A. 91-554, eff. 8-14-99.)

(65 ILCS 5/11-31-2.1) (from Ch. 24, par. 11-31-2.1)

Sec. 11-31-2.1. (a) If a municipality petitions for appointment of a receiver pursuant to Section 11-31-2 of this Act and it clearly appears from specific facts shown by affidavit or by verified petition or verified complaint that immediate and irreparable injury, loss or damage will result before personal service or notice by any means practicable may be appointed upon a showing that the municipality attempted to give notice by any means practicable and reasonably calculated to give actual notice under the circumstances, including by telephone to the defendant's last known phone number or by mailing to the defendant's last known address. If a receiver is appointed pursuant to this subsection, another hearing shall be set at the earliest practicable date.

(b) Within 10 days after the appointment of a receiver pursuant to subsection (a) of this Section, the municipality shall attempt to obtain personal service, but if unable to obtain personal service and a summons duly issued in such action is returned without service stating that service cannot be obtained, then the municipality, its agent or attorney, may file an affidavit stating that the defendant is not a resident of this State or has departed from this State, or on due inquiry cannot be found or is concealed within this State so that process cannot be served upon him or her, and also stating the place of residence of the defendant, if known, or if not, that upon diligent inquiry affiant has not been able to ascertain the defendant's place of residence, and the defendant may be notified by mailing to the defendant's last known address and posting

at the real estate in receivership, or by such mailing and by publication pursuant to Section 2-206 of the Code of Civil Procedure. In cases where a defendant is notified by mailing and posting or by mailing and publication and the defendant does not appear generally, the court may not enter a personal judgment against the defendant, but may continue the receivership and authorize the issuance of receiver's certificates to become liens upon the real estate, as provided in Section 11-31-2 of this Act.

(c) For purposes of notice by mail to owners as provided in Section 11-31-2.1, if the municipality in which the real estate subject to receivership is located has an owner registration ordinance, mailing to the addresses of unserved owners at the addresses registered with the municipality pursuant to the ordinance shall be sufficient. Notice shall be deemed provided 4 days after mailing. The notice shall state the caption and case number of the action, the address of the affected real estate, the fact that a receiver may be or has been appointed, the possibility that a lien may be filed against the affected real estate as a result of the appointment, and the date, time and place of the next court hearing on the matter.
(Source: P.A. 85-634.)

(65 ILCS 5/11-31-2.2) (from Ch. 24, par. 11-31-2.2)
Sec. 11-31-2.2. If a receiver is appointed pursuant to Section 11-31-2.2 of this Code, the receiver may file in the appointing Court a forcible entry and detainer action as provided in Article IX of the Code of Civil Procedure. Filing fees and court costs shall be waived for a receiver filing under this Section.
(Source: P.A. 85-634.)

(65 ILCS 5/11-31-2.3) (from Ch. 24, par. 11-31-2.3)
Sec. 11-31-2.3. If a receiver is appointed pursuant to Section 11-31-2 of this Act, the applicant's bond shall be excused. The court also may excuse the surety on the receiver's bond upon a showing that the receiver is especially qualified for the appointment. Evidence of special qualifications shall include but not be limited to: (a) satisfactory past performance as a receiver; (b) prior real estate management or development experience; (c) licensure or certification in a relevant profession or occupation; or (d) specialized training as a receiver.
(Source: P.A. 85-634.)

(7/08/10) CCG

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CITY OF Chicago

v.

BRYAN ARMSTRONG

No. 12 MI-401040

### NOTICE OF MOTION

To: Corporation Counsel
30 N. LaSalle Rm 700
Chicago IL 60602

On Aug 13, 2013, at 11:00 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela Gillespie Rm 1105 or any Judge sitting in Judge's stead, in the courtroom usually occupied by him/her, located at 50 W. Washington Chicago Illinois 60602, Illinois, and pre

| | | | |
|---|---|---|---|
| Name | BRYAN ARMSTRONG | Atty. No. 99500 | Pro Se 99500 |
| Address | 3216 W. FULTON | Attorney for | |
| City/State/Zip | Chicago IL 60624 | Telephone ? | |

### ☐ PROOF OF SERVICE BY DELIVERY

BRYAN ARMSTRONG, ☐ the attorney ☑ non-attorney certify that on the 9th day August, 2013 I served this notice by delivering a copy personally to each person to whom it is direc

Date Aug 9, 2013

_Bryan Armstrong_
Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, _____, ☐ the attorney ☐ non-attorney certify that I served this notice by mail
a copy to _____ at _____ (address on envelope)
and depositing the same in the U.S. Mail at _____ (place of mailing)
at ___ a.m. p.m. on the ___ day of _____, with proper postage prepaid.

Date _____

_____
Signature/Certification

### ☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, _____, ☐ the attorney ☐ non-attorney certify that on the ___ day
_____, I served this notice electronically ☐ via the Clerk's Office E-filing system, or ☐
telefax transmission (___ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. _____
at ___ a.m./p.m., from _____ (Place)

Date Aug 9, 2013

_Bryan Armstrong_
Signature/Certification

2013 JUN -0 PM 4:43

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY/ORIGINAL - COURT FILE

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

City of Chicago,
Plaintiff,

v.

Bryan Armstrong,
Defendant.

No. 12-M1-401040

## DEFENDANT MOTION TO DISMISS WITH PREJUDICE PURSUANT TO ILLINOIS SUPREME COURT RULE 103(b) AND 735 ILCS 5/2-203(c)

NOW COME DEFENDANT Darice Armstrong and in want of counsel, and move this Honorable court to DISMISS WITH PREJUDICE

A.  The person who attempted serving process personally was not authorized to serve process Under 735 ILCS 5/2-202

In support of this motion, Defendant allege:

### FACTS

1.  Defendant resides at 3216 W. Fulton St. in Cook County, Illinois.

2.  Defendant is the owner of the real estate located at 3216 W. Fulton St. County, Illinois ("Property"), which is the subject property of the matter.

3.  Defendant's current residence has been Defendant's normal place of abode for a period beginning prior to the Plaintiff's filing of Plaintiff's said Complaint. (See Defendant's Exhibit A Affidavit in support of defendant's MOTION TO DISMISS

1

## LAW

4. Illinois Supreme Court Rule 103(b) provides as follows: "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant... the action as to the that defendant may be dismissed without prejudice... The dismissal may be made on the application of any defendant party or on the court's own motion."

5. Regarding Service of process upon individuals, 735 ILCS 5/2-203 (c) provides that "any person who knowingly sets forth in the certificate or affidavit any false statement, shall be

6. In Cook County, process must be served by a sheriff. See 735 ILCS 5/2-202(a), "Process shall be served by a sheriff, or if the sheriff is disqualified, by a coroner of some county of the State."

7. In other counties, "with a population of less than 2,000,000," the law provides, "the court may, in its discretion upon motion, order service to be made by a private person over 18 years of age and not a party to the action."

## ARGUMENTS

The so-called summons and complaint the plaintiff served upon the defendant the service is fatally flawed. The officer, Eddie Jones, was not qualified under state law to serve process.

By enforcing this duty required by law, the courts upholds the fundamental notion of fairness and also assures the benefits to the public that the law intends to provide. Defendant has insufficient notice, information and documentation of Plaintiff's cause of action in order to stand trial.

The statute provides, "For want of sufficient notice any cause may be continued from time to time until the court has jurisdiction of the defendant' (735 ILCS 5/9-107).

WHEREFORE, Defendant prays that this Honorable Court:

A. Quash the process service upon the defendant Darice Armstrong.

B. Quash and dismiss all supplemental orders with respect to this matter including the petition for a limited receiver.

C. Find that Plaintiff failed to serve service upon defendant.

D. Find that the person who attempted serving process personally was not authorized serve process;

E. Find that personal jurisdiction over defendant was not achieved by the Court.

F. Enter an order dismissing Defendants Darice Armstrong from all claims in this matter;

G. Enter an order vacating default judgment against Darice Armstrong

H. Hold the corporation counsel and the plaintiff ( City of Chicago) in civil contempt pursuant to 735 ILCS 5/2-203 (c);

I. Award damages to Defendants pursuant to 735 ILCS 5/2-203 (c);

J. Sanction the corporation counsel for knowingly and willingly

  1) intentionally misleading this Court to believe the Court had jurisdiction over Defendant

  2) moving forth with this action when the corporation counsel and the Plaintiffs knew, should have known or had the duty to know this Court lacked jurisdiction over Defendant;

K. Enjoin Plaintiff from entering premises of the Property or ordering anyone to enter said premises;

L. Enjoin Plaintiff from taking any dispossessory actions against Defendant with regard to the Property; and,

M. Grant Defendant any other relief as the Court deems fair and just in law and equity.

Respectfully,

Darice Armstrong

3

# AFFIDAVIT OF BRYAN ARMSTRONG
In support of

## Defendant's Motion To DISMISS

I, Bryan Armstrong, being of legal age and of sound mind, having been duly sworn, deposed and placed under oath, state as follows:

1. I have personal knowledge of the facts set forth in this affidavit and can competently testify to them in court;
2. I currently reside a 3216 W. Fulton Blvd., Chicago, in Cook County, Illinois.
3. The person that served the summons and complaint was not qualified to serve legal service upon the defendant.

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to 1-109 o the Illinois Code of Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Bryan Armstrong

8 August 13

Notary Public

BARBARA J SHEPARD
MY COMMISSION EXPIRES
12/12/2016

4 -



DEPARTMENT OF LAW

CITY OF CHICAGO

July 30, 2013

**ATTENTION ALL TENANTS AND OCCUPANTS:**

**THE COURT HAS ENTERED AN EMERGENCY VACATE ORDER IN THE HOUSING COURT CASE REFERENCED BELOW:**

City of Chicago v. Bryan Armstrong
Case No. 12 M1 401040, 3216 W. Fulton Blvd

The Circuit Court of Cook County has determined that the subject premises has dangerous and hazardous conditions, which pose an immediate danger to the health and safety of all tenants and occupants. The Court has ordered that all **basement tenants and occupants** shall vacate the building, due to these dangerous and hazardous conditions.

**The City of Chicago Police Department and Department of Family and Support Services, will be at the premises on <u>August 16, 2013</u> at 9:30 a.m. for purposes of enforcing this vacate order, and to provide tenants and occupants with relocation assistance as necessary.**

**Please contact the City of Chicago Department of Family and Support Services, at 311 prior to this date if you require assistance in relocating from the premises.**

**<u>ALL TENANTS AND OCCUPANTS ARE TO VACATE THE PREMISES ON OR BEFORE AUGUST 16, 2013</u>.** At that time, all utilities at the premises will be terminated, and the premises will be boarded and secured.

Thank you,

Michael J. Knight
Assistant Corporation Counsel
Building and License Enforcement Division
(312) 744-1043

#9

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
      Plaintiff,            )

v.   Bryan  Armstrong       )
                         )
             et al.,       )
             Defendant(s).   )

No: 12 MI 401040

Re: 3216 W. Fulton Blvd

Courtroom 11 05, Richard J. Daley Center

## ~~AGREED~~ ORDER AUTHORIZING CITY ACTION AT AN UNSAFE PROPERTY

This cause coming to be heard on the set call, and the Court being fully advised of the premises, the Court finds that the subject property is dangerous and hazardous to the public health, safety and welfare and is an ongoing nuisance which requires immediate abatement, and under the authority of 65 ILCS 5/11-31-1,

IT IS HEREBY ORDERED THAT:

1.   Plaintiff, City of Chicago, is authorized to immediately enter the subject premises, with force if necessary, in order to:

    [X] conduct an interior inspection with break-in authority.

    [X] board and secure the premises. once vacant

    [ ] remove all junk, debris, and/or other material which is hazardous or a nuisance.

    [ ] remove and dispose of any abandoned or inoperable vehicle(s) which is/are hazardous or a nuisance.

    [ ] take appropriate action with respect to any domestic animals.

    [ ] abate, remove, and/or exterminate any rats, mice, insects or other vermin which constitute a nuisance.

    [ ] remove all foliage which is a safety hazard or nuisance, including weeds, shrubbery, and/or trees.

    [ ] notify

       [ ] Commonwealth Edison that electrical service
       [ ] Peoples Gas that gas service
       [ ] the City Water Department that water service

    must be shut off immediately due to dangerous and hazardous conditions at the subject premises.

    [ ] repair the following: _____

    [ ] enclose the following: _____

    [ ] demolish the following: _____

    [ ] _____
        _____

2.   Pursuant to 65 ILCS 5/11-31-1(a), the costs incurred by the City regarding the action specified in paragraph 1, including court costs and attorney's fees, shall be a priority lien on the subject property. The City is granted leave to file a motion seeking approval of any and all costs incurred in the execution of this order.

3.   The City of Chicago Police Department is authorized to assist in the execution of this order.

4.   The City of Chicago shall be held harmless for any incidental damage that may occur in the execution of this order.

IT IS FURTHER ORDERED THAT this cause be continued to 8 / 20 / 13 at 9:30 (a.m.)/ p.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 7 / 30 / 13

8/20/13   Assoc. Judge Pamela Hughes Gillespie

JUL 30 2013

Circuit Court 1953

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

Judge _Gillespie_   Courtroom 1105

#9

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

v.

Bryan Armstrong

et al.,
Defendant(s).

No: 12 M1 401040

Re: 3216 W. Fulton Blvd.

Courtroom 11 05, Richard J. Daley Center

### ORDER TO VACATE PREMISES

This cause coming to be heard on the set call, the Court having jurisdiction over the below-named defendant(s) and the subject matter, being fully advised in the premises, and having heard evidence and testimony,

THE COURT FINDS THAT:

1. the subject premises fails to meet minimum standards of health and safety as set forth in the applicable provisions of the Municipal Code of the City of Chicago and as stated in the complaint herein; and

2. the City has demonstrated by competent evidence that an imminent threat to health, safety, and welfare of tenants and occupants exists at the subject premises.

IT IS THEREFORE ORDERED THAT Defendant(s) Bryan Armstrong

1. Shall cause the following area(s) of the subject premises to be vacated: Entire Premises (3 Dwelling
   [ ] immediately.      [ ] within _____ hours.      [X] by 8 / 16 / 13.

2. Shall maintain these vacated area(s) in a vacant and secure condition until further order of court.

3. Shall maintain all utilities (including but not limited to electricity, water, gas, and heat) to all areas of the subject premises covered by this order until such time as those areas are fully vacant and unoccupied.

4. Shall allow representatives from the City Department of Family Support Services onto the subject premises and shall not interfere with those representatives as they assist tenants and occupants in vacating the premises.

5. The City of Chicago shall be held harmless for any incidental damage that may occur in the execution of this order.

[X] If the above named Defendant(s) do/does not vacate and secure the subject premises by 8 / 16 / 13 then the City of Chicago is authorized to do so. Pursuant to 65 ILCS 5/11-31-1(a), all costs incurred by the City in executing this order, including court costs and attorney's fees, shall be a priority lien on the subject property. The City is granted leave to file a motion seeking approval of any and all costs incurred in the execution of this order.

[X] The City of Chicago is authorized to enforce this vacate order with the assistance of various city departments, including but not limited to: the Chicago Police Department, the Department of Buildings, the Department of Family and Support Services, and the Department of Streets and Sanitation.

[X] If the owner fails to board and secure the premises the city is authorized to board and secure once the

[ ] property is vacant

IT IS FURTHER ORDERED THAT this cause be set for hearing on 8/20/13 at 9:30 a.m./p.m.,
Courtroom 11 05, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 7/30/13

By: _____

Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602    (312) 744-8791

FORM BLF 3002   rev 4/2012

Assoc. Judge Pamela Hughes Gillespie

JUL 30 2013

Circuit Court 1953

Judge _____    Courtroom 11 ____

# MUNICIPAL DEPARTMENT—FIRST DISTRICT

| | |
|---|---|
| THE CITY OF CHICAGO, a municipal corporation,<br>Plaintiff, | ) |
| | ) |
| | ) No: 12 MI 401041C |
| v. | ) |
| Bryan Armstrong | ) Re: 3216 W. Fulton Blvd |
| | ) |
| | ) Courtroom 11 05, Richard J. Daley Center |
| et al., | ) |
| Defendant(s). | ) |

## 🖝 RULE TO SHOW CAUSE

This cause coming to be heard on City of Chicago's Petition for Rule to Show Cause, the Court having jurisdiction over the below-named defendants and the subject matter, being fully advised in the premises, and having heard evidence and testimony,

THE COURT HEREBY FINDS:

1. That on _1_ / _22_ / _13_ , Judge _Malone_ entered an order for Defendant(s) _Bryan Armstrong_ to:

   [ ] personally appear before this Court at the next scheduled hearing.

   [X] schedule and be present for an (interior / exterior) inspection of the entire premises, with plans and permits on site, with the Department of Buildings.

   [ ] correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____

   [ ] board and secure the premises.

   [ ] keep the premises   vacant / boarded   and secure until further order of court.

   [ ] post notice at all levels of the   front / rear   porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

   [ ] apply for / obtain   all necessary building permits.

   [ ] install smoke and/or carbon monoxide detectors as required by the Chicago Municipal Code.

   [ ] register the premises as a vacant building pursuant to Municipal Code of Chicago § 13-12-125 to -128 and present proof of such registration to the Court.

   [ ] vacate the following portions of the subject premises: _____

   [ ] _____

   [ ] _____

2. That since that time Defendant(s) has/have failed to comply with said order.

THEREFORE IT IS HEREBY ORDERED THAT:

A Rule to Show Cause shall issue against the above named Defendant(s) to show cause why Defendant(s) should not be held in indirect civil contempt of court. The rule is returnable to this Court on _8_  _20_  _13_ , at _9:30_  (a.m.) p.m., Courtroom 11 05, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

8 / 20 / 13

Assoc. Judge Pamela Hughes Gillespie

HEARING DATE: _7_ / _30_ / _13_

JUL 30 2013

Circuit Court 1953

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

FORM BLE.2002  rev 4/2012

Judge _Gillespie_          Courtroom 11 05

1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT–FIRST DISTRICT**

THE CITY OF CHICAGO, a municipal corporation,
              Plaintiff,        )

v. Bryan Armstrong       )

           et al.,       )
           Defendant(s).    )

No: 12 MI 401040

Re: 3216 W Fulton Blvd

Courtroom 1105, Richard J. Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) Bryan Armstrong,

[ ] Must personally appear before this Court on the next court date. _____

[X] Must schedule and be present for an (interior / exterior) inspection of the entire premises, with plans and permits on site, with the Department of Buildings, before the next court date or by _____

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____
before the next court date or by _____

[ ] Must board and secure the premises before the next court date or by _____

[ ] Must keep the premises  vacant / boarded  and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____
and must keep the same vacant and secure until further order of court.

[ ] Must immediately post notice at all levels of the  front / rear  porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] Must register the premises as a vacant building pursuant to Municipal Code of Chicago §§ 13-12-125 to -128 within _____ days and must present proof of registration to the Court on the next court date. _____

*Defendant to file a pro se appearance or jurisdiction*

## ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] All tenants and occupants of the property are joined as defendants with summons to issue.

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ] Defendant(s) _____ has / have failed to appear in court
or otherwise plead is / are in default. The complaint is confessed against said Defendant(s), and:

    [ ] an ex parte judgment in the amount of $ _____ .00 plus court costs of $ _____ .00   | [ ] prove-up is continued
    for a total amount of $ _____ .00.is entered against said Defendant(s).       |   to a later date.

[ ] Defendant(s) unknown owners and nonrecord claimants and _____
publication default date of ____/____/____ is/are in default and the complaint is confessed against said Defendant(s).

[X] Attorney for City hereby withdraws her appearance.

[X] Bryan Armstrong is hereby granted leave to file an appearance by the next court date.

[X] Continued for: (case management) trial, settlement, or dismissal / hearing / jurisdiction

IT IS FURTHER ORDERED THAT this cause be continued to 10 / 2 / 12 at 9:30 a.m., Courtroom 1105,
Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.
Judge Daniel B. Malone

HEARING DATE: 7 / 31 / 12

By: BJ Baker
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602  (312) 744-8791
FORM CONS5 1001  rev 4/2012

JUL 3 1 2012

Circuit Court-2012

Judge Malone      Courtroom 1105

Yellow Copy for City of Chicago Department of Law    White Original for Court Records

*3362*
*4215*
*4579*

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
        Plaintiff,        )

v. Bryan Armstrong     )

        et al.,        )
        Defendant(s).    )

No: 12 MI 401040

Re: 3216 W Fulton Blvd

Courtroom 11 05, Richard J. Daley Center

## PETITION FOR RULE TO SHOW CAUSE

THE CITY OF CHICAGO, by the undersigned attorney, petitions this Court for the issuance of a Rule to Show Cause why

Defendant(s): **Bryan Armstrong**

should not be held in indirect civil contempt of Court, and in furtherance states as follows:

1.   That on **1** / **22** / **13** , Judge **Malone** entered an order for the above named Defendant(s) to:

    [✓] personally appear before this Court at the next scheduled hearing.

    [✓] schedule and be present for an (interior / exterior) inspection of the entire subject premises, with plans and permits on site, with the Department of Buildings.

    [ ] correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____ .

    [ ] board and secure the subject premises.

    [ ] keep the subject premises   vacant / boarded   and secure until further order of court.

    [✓] post notice at all levels of the ~~front~~ / (rear) porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

    [ ] apply for / obtain   all necessary building permits.

    [ ] install smoke and/or carbon monoxide detectors as required by the Chicago Municipal Code.

    [ ] register the subject premises pursuant to the Vacant Buildings Ordinance (Municipal Code of Chicago § 13-12-125) and must present proof of such registration to the Court.

    [ ] Vacate the following portions of the subject premises: _____

    [✓] Must pull porch permits by the next court date.

    _____

    [ ] _____

2.   That since that time said Defendant(s) has/have willfully failed to comply with said order.

WHEREFORE, Plaintiff prays that this honorable Court enter a Rule to Show Cause why Defendant(s) should not be found and adjudged in indirect civil contempt of Court. Plaintiff further moves for a continuance for a hearing on this petition on **7** / **30** / **13** , at **9:30** a.m. / p.m., Courtroom 11 05, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

## VERIFICATION BY CERTIFICATION

Pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that he/she is an attorney representing the City of Chicago, and that he/she is an authorized agent of the Plaintiff for the purpose of making this certification, and that the statements set forth in this Petition for Rule to Show Cause are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid the he or she verily believes the same to be true.

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

2 of 2

FILED
CV-1101
MAR 26 2013
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

FORM BLE 2001 rev 3/2011

Pink Copy for Defendant(s) (photocopy if required)
Yellow Copy for City of Chicago Department of Law
White Original for Court Records

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

v. *Bryan Armstrong*
et al.,
Defendant(s).

No: 12 MI 401040

Re: 3216 W Fulton Blvd

Courtroom 1105, Richard J. Daley Center

## Default ~~Agreed~~ ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) Bryan Armstrong

[X] Must personally appear before this Court on the next court date.

[X] Must schedule and be present for an (interior / exterior) inspection of the entire premises, with plans and permits on site, with the Department of Buildings, before the next court date or by _____

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____
before the next court date or by _____

[ ] Must board and secure the premises before the next court date or by _____

[ ] Must keep the premises vacant / boarded and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____
and must keep the same vacant and secure until further order of court.

[X] Must immediately post notice ~within lights~ at all levels of the front / (rear) porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] Must register the premises as a vacant building pursuant to Municipal Code of Chicago §§ 13-12-125 to -128 within _____ days and must present proof of registration to the Court on the next court date.

[X] Must pull porch permits by the next court date.

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] All tenants and occupants of the property are joined as defendants with summons to issue.

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ] Defendant(s) _____ has / have failed to appear in court or otherwise plead and is / are in default. The complaint is confessed against said Defendant(s); and:

[ ] an ex parte judgment in the amount of $ _____ .00 plus court costs of $_____ .00
for a total amount of $ _____ .00 is entered against said Defendant(s).

[ ] prove-up is continued to a later date.

[ ] Defendant(s) unknown owners and nonrecord claimants and _____
having failed to appear in court or otherwise plead as of the
publication default date of _____ / _____ / _____ is/are in default and the complaint is confessed against said Defendant(s).

[ ] _____

[X] Continued for: (case management) / trial, settlement, or dismissal / (hearing) / jurisdiction
IT IS FURTHER ORDERED THAT this cause be continued to 3 / 26 / 13 at 9:30 a.m., Courtroom 1105,
Richard J. Daley Center, 50 W. Washington St., Chicago, ~~Illinois~~ Judge Daniel Brice Malone

HEARING DATE: 1 / 22 / 13

JAN 22 2013

Circuit Court-2012

1 of 2

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602 (312) 744-8791
FORM CONS5.1001 rev. 4/2012

Judge Malone

Courtroom 1105

Pink Copy for Defendant(s) (photocopy if required)   Yellow Copy for City of Chicago Department of Law   White Original for Court Records

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

v. *Bryan Armstrong*

et al.,
Defendant(s).

No: 12 M1 401040 4215 4519

Re: 3216 W. Fulton Blvd

Courtroom 1105, Richard J. Daley Center

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) ___Bryan Armstrong___

[ ] Must file a pro se appearance instanter.

[ ] Must personally appear before this Court at the next scheduled hearing.

[✓] Must schedule and be present for an interior / exterior inspection of the entire subject premises, with plans and permits on site, with the Department of Buildings, before the next scheduled hearing or by _____.

[ ] Must correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____ prior to the next scheduled hearing or by _____.

[ ] Must board and secure the subject premises prior to the next scheduled hearing or by _____.

[ ] Must keep the subject premises   vacant / boarded   and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ until further order of court.

[✓] Must immediately post notice at all levels of the ~~front~~ / rear porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] _____

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ] All tenants and occupants of the property are impled into the above captioned case with summons to issue.

[ ] Defendant(s) _____ has / have failed to appear in court or otherwise answer the Complaint and is / are in default, and the Complaint herein is confessed against said Defendant(s) and

   [ ] an ex-parte judgment shall be entered against said Defendant(s) in the amount of $ _____ .00 plus court costs of $_____ .00 for a total amount of $ _____ .00.

[ ] prove-up is continued to a later date.

[✓] *The Petition for Rule to Show Cause entered on 1/22/13 is entered and continued to the next court date.*

[✓] Continued for   case management  / trial, settlement, or dismissal   hearing / jurisdiction
IT IS FURTHER ORDERED THAT this cause be continued to  7 / 30 / 13  at 9:30 a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 3 / 26 / 13

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791
FORM CONS5-1001  rev 3/2011

1 of 2

MAR 26 2013

*Pamela Gillespie*
Judge *Gillespie*          Courtroom 1105

Pink Copy for Defendant(s) (photocopy if required)

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

4215
4285
4335

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
                                     Plaintiff,

v.

Bryan Armstrong *et al.*,
                                     Defendant(s).

)
)
)
)
)
)
)
)
)

No: 12 M1 401040

Re: 3216 W. Fulton Blvd

Courtroom 1105, Richard J. Daley Center

*Pink Copy for Defendant(s) (photocopy if required)*

## ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) Bryan Armstrong

[ ] Must file a pro se appearance instanter.

[ ] Must personally appear before this Court at the next scheduled hearing.

[✓] Must schedule and be present for an interior / exterior inspection of the entire subject premises, with plans and permits on site, with the Department of Buildings, before the next scheduled hearing or by _____.

[ ] Must correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____ prior to the next scheduled hearing or by _____.

[ ] Must board and secure the subject premises prior to the next scheduled hearing or by _____.

[ ] Must keep the subject premises   vacant / boarded   and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ until further order of court.

[ ] Must immediately post notice at all levels of the   front  /  rear   porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] _____

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[✓] The following shall be joined as defendant(s) with summons to issue: _____

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ] All tenants and occupants of the property are impled into the above captioned case with summons to issue.

[ ] Defendant(s) _____ has / have failed to appear in court or otherwise answer the Complaint and is / are in default, and the Complaint herein is confessed against said Defendant(s) and

    [ ] an ex-parte judgment shall be entered against said Defendant(s) in the amount of $ _____ .00 plus court costs of $ _____ .00 for a total amount of $ _____ .00.

    [ ] prove-up is continued to a later date.

[✓] Default Judgment entered 10/8/12 is vacated.

[X] Continued for:  case management / trial, settlement, or dismissal  /  hearing  /  jurisdiction
IT IS FURTHER ORDERED THAT this cause be continued to   1 / 22 / 13   at   9:30 a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE:   11 / 13 / 12

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791
FORM CONS5 1001  rev 3/2011

Judge Daniel B. Malone
NOV 13 2012
Circuit Court-2012

Judge Malone   2012

Courtroom 1105

*Yellow Copy for City of Chicago Department of Law*

*White Original for Court Records*

8031
4250
3302
4215
459
4219

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
            Plaintiff,

v.

Bryan Armstrong et al.,
            Defendant(s).

No: 12 M1 401040

Re: 3216 W Fulton Blvd

Courtroom 1105, Richard J. Daley Center

## Default ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony,

IT IS HEREBY ORDERED THAT Defendant(s) Bryan Armstrong

[✓] Must personally appear before this Court on the next court date.

[✓] Must schedule and be present for an interior / exterior  inspection of the entire premises, with plans and permits on site, with the Department of Buildings, before the next court date or by _____

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____ before the next court date or by _____

[ ] Must board and secure the premises before the next court date or by _____

[ ] Must keep the premises   vacant / boarded   and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ and must keep the same vacant and secure until further order of court.

[ ] Must immediately post notice at all levels of the  front / rear  porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] Must register the premises as a vacant building pursuant to Municipal Code of Chicago §§ 13-12-125 to -128 within _____ days and must present proof of registration to the Court on the next court date.

[✓] must come into full compliance by the next court date.

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] All tenants and occupants of the property are joined as defendants with summons to issue.

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[✓] Defendant(s) Bryan Armstrong has / have failed to appear in court or otherwise plead and is / are in default.  The complaint is confessed against said Defendant(s), and:

[✓] an ex parte judgment in the amount of $ 5,500 .00 plus court costs of $ 60 .00   [ ] prove-up is continued for a total amount of $ 5,560 .is entered against said Defendant(s).           to a later date.

[ ] Defendant(s) unknown owners and nonrecord claimants and _____ having failed to appear in court or otherwise plead as of the publication default date of _____ / _____ / _____ is/are in default and the complaint is confessed against said Defendant(s)

[✓] City granted leave to file a Petition for Appointment of a Limited Receiver instanter.

[✓] Continued for case management / trial, settlement, or dismissal / hearing / jurisdiction

IT IS FURTHER ORDERED THAT this cause be continued to 1 / 22 / 13 at 9:30 a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 10 / 2 / 12

By: 83Baker
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

FORM CONS5 1001  rev. 4/2012

Judge Daniel B. Malone
OCT 02 2012
Circuit Court-2012

Judge Malone                 Courtroom 1105

Pink Copy for Defendant(s) (photocopy if required)

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

16 4215
4519 4287

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT–FIRST DISTRICT

THE CITY OF CHICAGO, a municipal corporation,
Plaintiff,

v. Bryan Armstrong

et al.,
Defendant(s).

No: 12 M1 401040

Re: 3216 W Fulton Blvd

Courtroom 1105, Richard J. Daley Center

### ORDER

This cause coming to be heard on the set call, the Court having jurisdiction over the subject matter and the below-named defendant(s), being fully advised in the premises, and having heard evidence and testimony:

IT IS HEREBY ORDERED THAT Defendant(s) Bryan Armstrong

[ ] Must personally appear before this Court on the next court date.

[X] Must schedule and be present for an interior / exterior inspection of the entire premises, with plans and permits on site, with the Department of Buildings, before the next court date only.

[ ] Must correct the following violations at the premises as cited in the Plaintiff's Complaint: _____ before the next court date or by _____

[ ] Must board and secure the premises before the next court date or by _____

[ ] Must keep the premises   vacant / boarded   and secured until further order of court.

[ ] Shall be subject to a preliminary injunction not to rent, use, lease, or occupy the _____ and must keep the same vacant and secure until further order of court.

[ ] Must immediately post notice at all levels of the   front / rear   porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

[ ] Must register the premises as a vacant building pursuant to Municipal Code of Chicago §§ 13-12-125 to -128 within _____ days and must present proof of registration to the Court on the next court date.

~~Defendant shall file a pro se appearance instanter~~

ADDITIONALLY, THAT:

[ ] All prior orders shall continue in full force and effect until further order of court.

[ ] An alias summons shall issue to _____

[ ] The following shall be joined as defendant(s) with summons to issue: _____

[ ] All tenants and occupants of the property are joined as defendants with summons to issue.

[ ] The following defendants are dismissed without prejudice, no fines, no costs: _____

[ ] Defendant(s) _____ has / have failed to appear in court or otherwise plead and is / are in default. The complaint is confessed against said Defendant(s), and:

[ ] an ex parte judgment in the amount of $ _____ .00 plus court costs of $ _____ .00   |   [ ] prove-up is continued for a total amount of $ _____ .00 is entered against said Defendant(s).   |   to a later date.

[ ] Defendant(s) unknown owners and nonrecord claimants and _____ having failed to appear in court or otherwise plead as of the publication default date of ___ / ___ / ___ is/are in default and the complaint is confessed against said Defendant(s).

[X] Attorney for Chase hereby withdraws her appearance.

[X] Bryan Armstrong is hereby granted leave to file an appearance by the next court date.

[X] Continued for:   case management   trial, settlement, or dismissal / hearing / jurisdiction

IT IS FURTHER ORDERED THAT this cause be continued to 10 / 2 / 12 at 9:30 a.m., Courtroom 1105, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

HEARING DATE: 7 / 31 / 12   Judge Daniel B. Malone

By: BBBaker
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

JUL 31 2012
Circuit Court-2012

Judge Malone       Courtroom 1105

FORM CONS5 1001  rev. 4/2012

Pink Copy for Defendant(s)  (photocopy if required)

Yellow Copy for City of Chicago Department of Law

White Original for Court Records

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTIRCT

CITY OF CHICAGO;                          )
                                          )
                                          )
                            Plaintiff,    )
              vs.                         )      No. 12 M1 401040
BRYAN ARMSTRONG;                          )
DARICE ARMSTRONG;                         )      3216 W.FULTON BLVD.
AEGIS FUNDING CORP.;                      )
JP MORGAN CHASE BANK,NA AS                )      1105
SUCCESSOR TO WASHINGTON MUTUAL            )
BANK FA;                                  )      RETURN DATE: 5/15/12
ET AL.                                    )
                                          )
                                          )
                            Defendants.   )

**APPEARANCE**

The undersigned, as attorney, enters the appearance of the Defendant,

*JPMorgan Chase Bank NA as Successor to Washington Mutual Bank*

and the law firm of Kropik Papuga and Shaw as the attorneys for said

Defendant.

_____
Meredith Chayka

Name  **KROPIK, PAPUGA, & SHAW**
Attorney for **Defendant**
Address  **120 S. La Salle, Ste. 1500**
City     **Chicago, Illinois 60603**
Telephone  **(312) 236-6405**
Attorney No. **91024**

The undersigned hereby certifies that on the _8TH_ day of _MAY_,
2012, before 5:00 p.m., I mailed a copy of this Appearance to the City
of Chicago Department of Law, 30 N. LaSalle St., Chicago, Illinois
60602, with proper postage paid by placing the envelope in the U.S. Mail
at 120 South LaSalle Street, Chicago, Illinois 60603.

_____
Attorney for
**Defendant**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

| | | |
|---|---|---|
| CITY OF CHICAGO<br>a municipal corporation, | ) | No. 12M1401040 |
| | ) | |
| | ) | Re. 3216 W FULTON BLVD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN ARMSTRONG, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## Alias Summons

Serve: **DARICE ARMSTRONG**
3216 W FULTON BLVD APT 2
CHICAGO, IL 60624

**To each defendant:**

You are hereby summoned and required to file an appearance and answer to the complaint, a copy of which is attached. If you fail to answer or appear, a judgment by default may be entered against you for the relief asked for in the complaint. This cause will be heard in **Richard J. Daley Center Courtroom 1105** on **JULY 31, 2012** at **9:30A.M.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day to appear. If the service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than three days before the day for appearance.

Witness **May 15, 2012**
        (Date)

Seal of Court



Dorothy Brown
Clerk of the Circuit Court

Stephen R. Patton   Atty. No. 90909
Corporation Counsel
Attorney for Plaintiff
By: **MARIA AZLOR-ZAS**
Assistant Corporation Counsel
30 NORTH LASALLE ST
SUITE 700
CHICAGO, IL 60602
(312) 744-8707

By: **/s/ Corine Johnson**
_____
        Deputy Clerk

BUILDING AND LICENSE ENFORCEMENT DIVISION – Conservation
**AFFIDAVIT OF POLICE OFFICER**

TATE OF ILLINOIS )
OUNTY OF COO K ) SS

**FFIDAVIT PRINT DATE: 05/15/2012    CASE NO: 12M1401040 CASE ADDRESS: 3216 W FULTON BLVD**

**IE DATE:  07/24/12    COURT DATE:  07/31/12    COURTROOM: Richard J. Daley Center:1105**

**DEFENDANT:  BRYAN ARMSTRONG**
**DDRESS:  3216 W FULTON BLVD APT 2**
               **CHICAGO, IL 60624**                                    *201205-838*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

[A]  I, the undersigned, being over eighteen years of age, not a party to the action, certify that I served this **Summons and Complaint** on the defendant as follows:

✓  **[1]    PERSONAL SERVICE:** By leaving a copy of the signed and sealed **Summons and Complaint** with the named defendant personally.

___  **[2]    SUBSTITUTE SERVICE:** By leaving a copy of the signed and sealed **Summons and Complaint** at the defendant's usual place of abode with some person of the family, of age of 13 years or upwards, and informing that person of the contents thereof.  Also, a copy of the signed and sealed **Summons and Complaint** was mailed on _____, in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.
**SAID PARTY REFUSED NAME:**

___  **[3]    SERVICE ON:** Corporation _____ Company _____ Business_____ Partnership_____.  By leaving a copy of the signed and sealed **Summons and Complaint** with the registered agent, authorized person or partner of defendant.

[B]  The party served is described as follows: *SERVED*

1.  SEX ___M___  RACE ___B___  AGE ___44___

2.  NAME OF DEFENDANT:  **BRYAN ARMSTRONG**
    Summons served on: *Bryan Armstrong*
    This __25__ day of __Jul__ 20_12_  Time __2:00__  AM/PM

Additional Remarks:

[C]  I am duly authorized to serve process in this cause and complete this return of service pursuant to 65 ILCS 5/1-2-11(b) (2000 as amended). Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid the he verily believes the same to be true.

Garry McCarthy, Chicago Police Superintendent, by: _____,
                                          POLICE OFFICER    STAR #

**THE NAMED DEFENDANT WAS NOT SERVED:**

                                                      **ATTEMPTED SERVICES**
                                                      Date Time    AM/PM

TYPE OF BUILDING: *2/S Graystone*
NEIGHBORS NAME: _____
ADDRESS: _____                        *19 July 12  5:20 P / 1:00 pm*
**REASON NOT SERVED**
___ MOVED                    ___ WRONG ADDRESS
___ DECEASED                 ___ BUILDING VACANT
___ NO SUCH ADDRESS          ✓ NO CONTACT
___ VACANT LOT
___ UNABLE TO GAIN ENTRY

ADDITIONAL REMARKS:

STATE OF ILLINOIS )    **BUILDING AND LICENSE ENFORCEMENT DIVISION – Conservation**
COUNTY OF COOK ) SS    **AFFIDAVIT OF POLICE OFFICER**

**AFFIDAVIT PRINT DATE:** 05/15/2012    **CASE NO:** 12M1401040 **CASE ADDRESS:** 3216 W FULTON BLVD

**DIE DATE:** 07/24/12    **COURT DATE:** 07/31/12    **COURTROOM:** Richard J. Daley Center: 1105

**DEFENDANT:** DARICE ARMSTRONG
**ADDRESS:**    3216 W FULTON BLVD APT 2
     CHICAGO, IL 60624

*2012-05-839*

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

[A]   I, the undersigned, being over eighteen years of age, not a party to the action, certify that I served this **Summons and Complaint** on the defendant as follows:

_____   **[1]**   **PERSONAL SERVICE:** By leaving a copy of the signed and sealed **Summons and Complaint** with the named defendant personally.

✓   **[2]**   **SUBSTITUTE SERVICE:** By leaving a copy of the signed and sealed **Summons and Complaint** at the defendant's usual place of abode with some person of the family, of age of 13 years or upwards, and informing that person of the contents thereof. Also, a copy of the signed and sealed **Summons and Complaint** was mailed on _____, in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.
**SAID PARTY REFUSED NAME:**

_____   **[3]**   **SERVICE ON:** Corporation _____ Company _____ Business_____ Partnership_____ . By leaving a copy of the signed and sealed **Summons and Complaint** with the registered agent, authorized person or partner of defendant.

B]   The party served is described as follows:

1.   SEX ___M___ RACE ___B___ AGE ___44___    *SERVED*

2.   NAME OF DEFENDANT:    **DARICE ARMSTRONG**

   Summons served on: _Bryan Armstrong_
   This ___25___ day of ___July___ 20 _12_ Time _2:00_ AM/**PM**

Additional Remarks:

C]   I am duly authorized to serve process in this cause and complete this return of service pursuant to 65 ILCS 5/1-2-11(b) (2000 as amended). Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid the he verily believes the same to be true.

Garry McCarthy, Chicago Police Superintendent, by: _Eddie Jones_ _16642_ ,
     **POLICE OFFICER**    **STAR #**

THE NAMED DEFENDANT WAS NOT SERVED:

TYPE OF BUILDING: ___2/S Graystone___
NEIGHBORS NAME: _____
ADDRESS: _____

REASON NOT SERVED
___MOVED    ___WRONG ADDRESS
___DECEASED    ___BUILDING VACANT
___NO SUCH ADDRESS
___VACANT LOT    ✓NO CONTACT
___UNABLE TO GAIN ENTRY

ATTEMPTED SERVICES
Date Time    AM/PM

_19 July 12_   _5:20 pm / 7:00 p_

ADDITIONAL REMARKS.

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT–FIRST DISTRICT**

THE CITY OF CHICAGO, a municipal corporation,
             Plaintiff,         )
                                   )
v. *Bryan Armstrong*      )
                                   )
        *et al.*,          )
        Defendant(s).    )

No: 12 MI 401040

Re: 3216 W Fulton Blvd.

Courtroom 1105, Richard J. Daley Center

3362
4519

**~~Default~~ PETITION FOR RULE TO SHOW CAUSE**

THE CITY OF CHICAGO, by the undersigned attorney, petitions this Court for the issuance of a Rule to Show Cause why

Defendant(s): **Bryan Armstrong**

should not be held in indirect civil contempt of Court, and in furtherance states as follows:

1.    That on **10 / 13 / 12**, Judge **Malone** entered an order for the above named Defendant(s) to:

    [ ] personally appear before this Court at the next scheduled hearing.

    [X] schedule and be present for an interior / exterior inspection of the entire premises, with plans and permits on site, with the Department of Buildings.

    [ ] correct the following violations at the subject premises as cited in the Plaintiff's Complaint: _____

    [ ] board and secure the premises.

    [ ] keep the premises  vacant / boarded  and secure until further order of court.

    [ ] post notice at all levels of the  front / rear  porch(es) and notify all tenants and occupants that the porch(es) are to be used for emergency exiting only and not for recreation or storage, and maintain such notice until further order of court.

    [ ] apply for / obtain  all necessary building permits.

    [ ] install smoke and/or carbon monoxide detectors as required by the Chicago Municipal Code.

    [ ] register the premises as a vacant building pursuant to Municipal Code of Chicago § 13-12-125 to -128 and present proof of such registration to the Court.

    [ ] Vacate the following portions of the subject premises: _____

    [ ] _____

    [ ] _____

**FILED**
JAN 22 2013
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

2.    That since that time said Defendant(s) has/have failed to comply with said order.

WHEREFORE, Plaintiff prays that this honorable Court enter a Rule to Show Cause why Defendant(s) should not be found and adjudged in indirect civil contempt of Court. Plaintiff further moves for a continuance for a hearing on this petition on **3 / 26 / 13**, at **9:30** a.m. / p.m., Courtroom 11 **05**, Richard J. Daley Center, 50 W. Washington St., Chicago, without further notice.

**VERIFICATION BY CERTIFICATION**

Pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that he/she is an attorney representing the City of Chicago, and that he/she is an authorized agent of the Plaintiff for the purpose of making this certification, and that the statements set forth in this Petition for Rule to Show Cause are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid the he or she verily believes the same to be true.

By: _____
Attorney for Plaintiff
Corporation Counsel #90909
30 N. LaSalle, Room 700
Chicago, IL 60602   (312) 744-8791

2 of 2

FORM BLE.2001  rev. 4/2012

15.

8.    Subsequent court decisions have held that §2-1301 is to be liberally applied.  <u>Green v.</u> <u>Myers</u>, 106 Ill.App.3d 541, 436 N.E.2d 43 (1st Dist. 1982).

9.    This Court has jurisdiction to consider the subject matter of this motion pursuant to 735 ILCS 5/2-1301(e).

10.    In this case, substantial justice will be served only by vacating the default judgment entered against Defendant and allowing the case to proceed to trial on its merits.

**WHEREFORE**, Defendant, Bryan Armstrong, respectfully requests this Court:

A.    Vacate the *ex parte*, default order against Defendant, Bryan Armstrong;

B.    Grant Defendant leave to file an appearance *instanter*, and

C.    Quash and Dismiss all supplemental orders with respect to this matter, and order that all funds garnished or turned over be immediately returned to Defendant's possession.

D.    Grant any other relief this Court deems just.

Bryan Armstrong
*Pro Se* Defendant

Bryan Armstrong
*Pro Se*
3216 W. Fulton 2nd Floor
Chicago, IL 60624
(312) 388-9192
#99500

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

City of Chicago,
    Plaintiff,

v.

Bryan Armstrong,
    Defendant.

No. 2012-M1-4010403

FILED 12
12 OCT 30 AM 10: 47
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
DOROTHY BROWN CLERK

## DEFENDANT'S MOTION TO VACATE DEFAULT

    Defendant, Bryan Armstrong, *pro se,* moves this Court pursuant to 735 ILCS 5/2-1301, to vacate any *ex parte* default orders entered against him in the instant case. In support of this Motion, Defendant states:

1.    On October 2, 2012 Defendant's case was scheduled to be heard at 9:30 a.m. in 1105.

2.    Defendant did not appear at the scheduled hearing because Defendant did not at first realize that he must enter an appearance if he is to contest this action successfully. He has a meritorious defense: he should not be held liable for the conditions of the building at issue herein since he quitclaimed his ownership interest therein to Darice Armstrong in 2007.

3.    In the Defendant's absence, an *ex parte* order was entered in favor of the Plaintiff.

4.    Defendant filed this motion within 30 days of the entry the *ex-parte* order.

5.    This matter was not decided on the merits and Defendant requests an opportunity to be heard.

6.    Defendant has at all times been diligent in the defense of this cause of action and at all times careful in the preservation of his rights.

7.    A court may set aside any final order or judgment if it finds that it is reasonable to do so. Reid v. Adkins, 48 Ill.2d 402, 270 N.E.2d 841 (1971). In Reid, the Illinois Supreme Court established that the test for § 2-1301 motions is "whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits." Id. at 406.

CARPLS © 2010

CO 10020-HP03-f01

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

City of Chicago,
    Plaintiff,

v.

Bryan Armstrong,
    Defendant.

No. 2012-M1-401040

### NOTICE OF MOTION

To:

Glenn Angel
Senior Asst. Corporation Counsel
City of Chicago Law Department
30 N. LaSalle St.  Suite 700
Chicago, IL 60602

    **PLEASE TAKE NOTICE** that on November 13, 2012, at 11:00 a.m., or as soon thereafter as I may be heard, I shall appear before the Honorable Judge Presiding in Courtroom 1105 of the Richard J. Daley Center, 50 W. Washington Blvd., Chicago, IL 60602, and shall then and there present the attached Motion, a copy of which is hereby served upon you.

Bryan Armstrong
*Pro Se*
3216 W. Fulton 2nd Floor
Chicago, IL 60624
(312) 388-9192
#99500

### CERTIFICATE OF SERVICE

    I, Bryan Armstrong, a non-attorney, certify that I served a copy of the foregoing document to each person to whom it is directed at their respective addresses by depositing a copy with pre paid postage in the United States mail, at 50 W. Washington Blvd., Chicago, IL 60602, at or before the hour of 5:00 p.m on October 30, 2012.

Bryan Armstrong